B. K. Harwell HORNE, Appellant,

v.

J. A. HARWELL, Appellee.

No. 12,378.

Court of Civil Appeals of Texas, Austin.

Feb. 4, 1976.

Rehearing Denied Feb. 25, 1976.

Stephen M. Orr, Austin, for appellant.

Tommy P. Herring, Waco, for appellee.

SHANNON, Justice.

Appellant, B. K. Horne, has appealed from the judgment of the district court of Travis County which appointed appellee, J. A. Harwell, possessory conservator of his minor child with specific times for access to the child. We will affirm that judgment.

Appellant and appellee were divorced by order of the district court of Travis County on April 16, 1973. In the divorce judgment appellant was awarded custody of their seventeen month old daughter, Amber A. Harwell. By the terms of the divorce judgment, appellant's custody of the child was ". . . not subject to the right of rea-

sonable visitation in the Respondent [appellee] and that Respondent has no right of visitation subject to further orders of this Court."

In January of 1975, appellee filed a motion to modify the 1973 divorce judgment. In that motion, *inter alia,* appellee sought to be named possessory conservator of the child and to receive from the court a schedule for specific access to the child. Appellee claimed in the motion ". . . that because of a substantial and material change of circumstances the best interest of the child will be served by modification of this order [the judgment of divorce]."

After hearing, the court entered judgment in which it was recited that ". . . the circumstances have materially and substantially changed since the entry of the Order sought to be modified [the judgment of divorce] and that the best interest of the child would be served by modifying the original order . . ." The judgment then provided a schedule of time during which appellee would have access to the child.

Upon request, the district court filed findings of fact and conclusions of law. The court found that there had been ". . . a substantial and material change of circumstances and that the best interest of the minor child, Amber A. Harwell, will be served by a modification of the original Divorce Decree . . ." The court then listed the "changed" circumstances.

The court concluded that appellee's motion to modify alleged that the circumstances *of the child* had materially and substantially changed since the entry of the original order. The court was of the further opinion that the said allegation met all of the requirements of the Texas Family Code, and that appellant had not specially excepted to the form of that allegation in appellee's motion.

Appellant attacks the fact findings, the conclusions of law, and the judgment by seven points of error. Four points of error relate to the requirement that a motion to modify a prior order allege and the court find that the circumstances of the child have materially and substantially changed since the time of the entry of the order sought to be modified.

Texas Family Code Ann. § 14.08 (1974) provides in part as follows:

"(a) Any party affected by an order of the court . . . setting the terms and conditions for possession of *or access to a child,* may file a motion requesting the court to modify its former order. The motion *shall* allege that the *circumstances of the child have materially and substantially changed* since the entry of the order sought to be modified, set forth the alleged circumstances, and be sworn to by the party seeking modification. (Emphasis added)

.    .    .    .    .

"(c) After a hearing and on *a finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child,* any order or part of an order may be modified . . ." (Emphasis added)

.    .    .    .    .

■ Section 14.08(a) and (c) requires that a party seeking a modification of an order providing for access to a child both plead and prove that the circumstances *of the child* have materially and substantially changed since the entry of the former order. *Howard v. Pullicino,* 519 S.W.2d 254 (Tex.Civ.App.1975, no writ).

■ In our view, appellee did not comply with § 14.08(a) by pleading that the circumstances *of the child* had materially and substantially changed since the entry of the judgment of divorce. Appellant, however, could have required compliance by filing a special exception to that allegation in appellee's motion. As in other pleadings, appel-

lant, by failing to except to the motion, waived her right to complain of appellee's non-compliance. Tex.R.Civ.P. 90.

By appropriate points appellant complains that appellee did not comply with § 14.08(c) by proving that the circumstances of the child had materially and substantially changed since the entry of the divorce judgment. Appellant claims that the court's finding that there had been such a change was supported by no evidence, or alternatively, the finding was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

 As previously written, the court listed seven "material and substantial" changes of circumstances. Of those seven, only one represents a change in the circumstances *of the child.* That finding reads, "that at the time of the granting of the original Divorce Decree the child, Amber A. Harwell, was seventeen months old and that at the time of the filing of the motion to modify the child had attained the age of 3 years and 4 months."

The change of age of the child, under the circumstances of this record, warranted a modification of the former order to permit the father access to the child. As stated by the district court, Amber A. Harwell was seventeen months of age at the time of the entry of the divorce judgment. Appellant and the child lived in Austin, and appellee did not. The proper place for an infant of seventeen months is in and about its nursery. It is fair to assume that appellee would have been ill equipped to care for an infant of seventeen months away from the nursery. At that age, the child probably would not have benefited much from visits from its father. To the contrary, Amber was nearly three and one-half years of age at the time of the filing of the motion to modify. A child of that age may derive emotional and intellectual benefit from the company of its father. Also, a child of that age has usually developed such habits so as to enable it to remain away from home for short periods of time.

Appellant also complains of the refusal of the district court to adjudge appellee ". . . in contempt of court for the amount of back child support represented by a money judgment . . ." The order of the district court denying the contempt is not appealable. *Hamborsky v. Hamborsky,* 497 S.W.2d 405 (Tex.Civ.App. 1973, no writ); *Blair v. Blair,* 408 S.W.2d 257 (Tex.Civ.App.1966, no writ); *Gierczic v. Gierczic,* 382 S.W.2d 495 (Tex.Civ.App.1964, no writ).

The judgment is affirmed.