James Rickey LITTLE, Appellant,

v.

Patsy Ann LITTLE, Appellee.

No. 1280.

Court of Civil Appeals of Texas, Tyler.

Nov. 8, 1979.

Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

John Robert Adamson, Jacksonville, for appellee.

MOORE, Justice.

This is an appeal from an order of the trial court modifying visitation rights of appellant. Appellee brought this suit to modify the divorced husband's access to his minor child, whose managing conservatorship is vested in appellee. Testimony was presented before the court without a jury. The trial court entered a judgment modifying the visitation rights of appellant, from which judgment appellant duly perfected this appeal.

We affirm.

The Littles were divorced on August 19, 1976. In that decree, the court appointed Patsy Ann Little, appellee in this case, to be managing conservator of the child, Stacy Ray Little. Appellant, James Rickey Little, was appointed as the possessory conservator of the child. The decree outlined the father's right to visitation as follows: (1) possession on the third weekend of each month; and (2) possession of the child from June 1 through August 15, except that the mother of the child would have possession of him during this period of time on the third weekend of each month. The present action was filed February 10, 1978. The mother-appellee sought to have the father-appellant's summer visitation rights reduced from ten weeks to two weeks, leaving the one monthly weekend possession by the father the same. In support of her motion, the mother testified that at the time of the previous decree, the boy, age eight, was too young to participate in various summer activities. She testified that the boy, age ten at the time of trial, was now old enough to participate in the activities, and that the long, summer possession by the father disrupted the latter part of the child's little league baseball activities and caused him to miss the first part of the fall football program. She further testified that he was prevented from attending church camp. In response, the father testified that he was able to get his son into the baseball program where he lived and that much of the

problems stated by the mother were self-made.

The trial judge modified the father's visitation rights and allowed him access to the child as follows: (1) possession of the child one weekend each month with not less than ten days prior notice to the mother; (2) possession from June 23 through August 7 of each year; (3) possession from December 25 until December 30 of each year; (4) possession every other Easter holiday period from the Thursday preceding Easter until Easter Sunday; (5) possession during every other Thanksgiving holiday from the Wednesday preceding Thanksgiving until the following Sunday; and (6) possession at all other reasonable times and places as the parties may agree upon.

The trial judge stated in the findings of fact that: (1) it would be detrimental to the well-being of the child if he were not permitted to participate in the educational, recreational, and religious activities at his place of residence with his mother; and (2) it would be a positive improvement in the recreational, educational, and religious program of the child, and in the best interest of the child to modify the conditions of access of the father. The court, in its conclusions of law, stated that: (1) the circumstances of the child, his mother, and his father have substantially and materially changed since the prior divorce decree; (2) it would be in the best interest of the child and a positive improvement to the program of visitation and access to modify the conditions and terms of the father's access to the child; (3) it would be a positive improvement to the physical, educational, and emotional well-being of the child to modify the terms and conditions of the access of the father; and (4) it would be detrimental to the well-being and not in the best interest of the child if the conditions of access of the father were to remain as set forth in the original decree.

Appellant, by his first point of error, contends that the trial court erred in finding that there was a material and substantial change in conditions since the entry of the divorce decree because there is no evidence

to support such findings. Alternatively, appellant contends by his second and third points that such findings are against the great weight and preponderance of the evidence, and that the evidence is factually insufficient to support the court's findings.

■ In determining the "no evidence" point, we are required to consider only that evidence and those inferences that will support the court's findings in a light most favorable to such findings, and must reject all evidence and inferences contrary to the findings of the trial court. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). On the other hand, appellant's alternative points require this court to consider all the evidence in the record, including that which is contrary to the verdict. *Fisher Construction Co. v. Riggs,* 160 Tex. 23, 325 S.W.2d 126 (1959); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361 (1960).

■ Appellant argues that the trial court erred in changing his visitation privileges because the evidence fails to establish the statutory requisites necessary before the court is authorized to modify visitation rights. Section 14.08(c) of the Texas Family Code provides:

"After a hearing, the court may modify an order or portion of a decree that:

.   .   .   .   .

(2) . . . sets the terms and conditions for access to or possession of a child . : . if the circumstances of the child or a person affected by the order or portion of the decree to be modified have *materially* and *substantially* changed since the entry of the order or decree . . .."

Tex.Fam.Code Ann. section 14.08(c) (Vernon Supp.1978–79) (Emphasis ours). The court must also consider section 14.07(a), which provides:

"The best interest of the child shall always be the primary consideration of the court in determining questions and managing conservatorship, possession, and support of and *access to* the child. . .."

Tex.Fam.Code Ann. section 14.07(a) (Vernon 1975) (Emphasis ours). Thus, the code requires that there must be a showing of a material and substantial change of circumstances as to either the child or any person affected by the order, and second, that a change or modification of the prior order would be in the best interests of the child. *Files v. Thomasson,* 578 S.W.2d 883, 884 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

■ We are of the opinion that the change of age of the child, when taken together with other circumstances shown in the record, warranted a modification of the former decree. As the court found, the child was only eight years old at the time of the original decree and was too young to participate in any summer activities. Now, there are many activities available to him. It is important to a child of his age to be able to fully participate in sport activities with his classmates and friends in the town in which he attends school. In order to become a part of the team, it would be necessary for him to participate in all of the training activities. Under the former decree this would not have been possible. The trial judge modified the previous summer visitation period so that he could participate more fully in the sport activities at the school he attended. To compensate for the four week loss in visitation rights of the father, the trial judge repudiated the mother's right of access to the child during the summer period in which the father had the child, created a set schedule of visitation rights for the holiday periods of Easter, Thanksgiving, and Christmas, and allowed for possession by the father at all other times that the parties might agree upon. In light of these facts, we have concluded that there is some evidence of probative force to support the trial court's finding. After a review of the entire record, we find that we cannot agree with appellant's contention that the court's findings are against the overwhelming weight and preponderance of the evidence or that the evidence is factually insufficient to support such findings. Points one through three are overruled.

Appellant's last three points of error state that the trial court erred in finding the visitation rights as originally decreed would at the present time be injurious to the welfare of the child and that the reduction of the visitation rights would be a positive improvement for the child because there is no evidence to support such findings. Appellant claims alternatively that such findings are against the great weight and preponderance of the evidence, or that the evidence is factually insufficient to support the court's findings.

As stated earlier, before the trial court can modify an existing decree, the court must find that the circumstances of the child or a person affected by the prior order have materially and substantially changed, and that a change or modification of the prior order would be in the best interests of the child. Once the trial court makes these findings, however, the question of the extent of the access or visitation privileges is a matter that is left to the sound discretion of the trial court. The trier of fact is in a better position than the appellate court to determine the extent and duration of access privileges that will be in the best interest of the child since the trial judge faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by the parties, all of which are difficult to accurately weigh and determine by the mere reading of the statement of facts. The trial court determined that it would be in the best interest of the child to reduce the length of appellant's summer visitation privileges from ten weeks to six weeks. Appellant does not complain of the remaining visitation privileges set by the court.

The determination of access privileges being within the discretion of the court, the court's ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. In our view, no abuse of discretion is shown.

We have concluded that there is some evidence of probative force to support the finding that the visitation rights as they existed would be injurious to the child and that a reduction in those rights would be a positive improvement. Further, after weighing and balancing all of the evidence, we find that we cannot agree with appellant's contention that the judgment is against the overwhelming weight and preponderance of the evidence or that the evidence is factually insufficient to support the judgment.

The judgment of the trial court is affirmed.

SUMMERS, C. J., not sitting.