**Nancy Wheelwright MAIXNER, Appellant,**

v.

**Richard Charles MAIXNER, Appellee.**

**No. 21097.**

Court of Appeals of Texas, Dallas.

Sept. 7, 1982.

Melvin J. Klein, Dallas, for appellant.

Carl David Adams, Adams, Mims & Vorpahl, Dallas, for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

The managing conservator of a child appeals a trial court's modification order enlarging visitation rights of the possessory conservator with the child. Several points of error are presented, but only one significant question surfaces. Is the evidence sufficient to show a material and substantial change in the circumstances of the child or a person affected by the previous order, since its entry, to justify its change? In the absence of findings of fact and conclusions of law, and in the absence of a complete record, we are unable to determine the evidence insufficient. We conclude that no abuse of the trial court's discretion is shown; consequently, we affirm.

In February 1980, when the child was fourteen months old, the mother and father were divorced. The trial judge appointed the mother as managing conservator and the father as possessory conservator. The possessory conservator was awarded possession of the child on alternating weekends, Saturday and Sunday from 9:00 a.m. to 4:00 p.m. each day—with no overnight visitation—and on every Wednesday evening from 6:00 p.m. to 7:00 p.m. This possessory period was to continue for the remainder of 1980. Commencing on January 1, 1981, the decree provided the father with visitation on alternate weekends commencing at 10:00 a.m. on Saturday and continuing until 4:00 p.m. on Sundays.

Although the decree is silent as to the Wednesday evening visitation after January 1, 1981, the court agreed with the managing conservator's contention that the Wednesday visitation was to terminate when the overnight visitation began on January 1, 1981. When the child was thirty

months old, the same trial judge heard the possessory conservator's motion to modify and entered a new order reinstating the Wednesday evening visitation period in addition to the overnight visitation.

The statement of facts shows that the child is sixteen months older than she was when the original order was entered. The father testified, in support of his motion, that the Wednesday night visitation each week provided a continuity to the father-daughter relationship that the weekend visits alone did not provide; that the daughter enjoyed the weekly Wednesday evening visits; that no problems arose between father and daughter because of the Wednesday visits; and that the Wednesday visits, because of their nature, tended to alleviate possible tensions between father and daughter which might arise from weekend visits alone. He also testified that he did not believe that the judge intended to terminate the Wednesday evening visitation when he signed the original decree.

The mother testified that the Wednesday evening visits were a burden to her because they required her to leave work early to pick up the child at the day-care center. She also testified that she had previously offered the father Wednesday visits if he would pick up the child at the day-care center to relieve her of this burden. She further stated that she and the child's father communicated with each other as little as humanly possible. She testified that the child had suffered physical difficulty directly related to the overnight visitation by often returning with boils requiring medical attention, and that these medical problems occur and re-occur after the child's visitation with her father.

The record further shows that two letters, one from the father to the mother, and one from the father's attorney to the mother, written after entry of the original decree and before the modification hearing, were offered and admitted into evidence, yet neither letter was brought forward with the record for our review.

■ No findings of fact or conclusions of law were requested and none were filed.

In the absence of fact findings and conclusions of law, we are confronted with the presumption that the trial judge found every fact necessary to sustain the judgment, and it must be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962); *Steward v. Jones,* 633 S.W.2d 544, 545 (Tex. App.—Texarkana 1982, no writ); *Oglesby v. Silcott,* 620 S.W.2d 820, 825 (Tex.Civ.App. —Tyler 1981, no writ). Additionally we note that the question of whether a material and substantial change of circumstances has occurred lies within the sound discretion of the trial judge. *See Canavespe v. Havins,* 478 S.W.2d 166, 171 (Tex.Civ.App.— Fort Worth 1972, no writ). The trial judge also is afforded broad discretion in determining the extent of visitation to be awarded the possessory conservator. *Little v. Little,* 590 S.W.2d 620, 624 (Tex.Civ.App.—Tyler 1979, no writ); *Walker v. Showalter,* 503 S.W.2d 624, 626 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). Consequently, our standard of review in this case is narrowly limited to a determination of whether the trial judge clearly abused his discretion by modifying the original order. This discretion is wisely vested in the trial judge in these matters because he faces the parties and the witnesses, observes their demeanor, views their personalities and senses the forces and powers which motivate them. *Jeffers v. Wallace,* 615 S.W.2d 252, 253 (Tex.Civ.App.—Dallas 1981, no writ); *In the Interest of C.E.B.,* 604 S.W.2d 436, 443 (Tex.Civ.App.—Amarillo 1980, no writ); *Thompson v. Haney,* 191 S.W.2d 491, 493 (Tex.Civ.App.—Amarillo 1945, no writ). Consequently, he is in a much better position than an appellate court, who must rely on the written record alone, to assess the needs of the child and to adjudge from personal observation which arrangement will serve the best interest of the child. *Little v. Little,* 590 S.W.2d at 624.

■ In addition to the ability of the trial judge to draw inferences from his observation of the parties and witnesses, he is at liberty to take judicial notice of prior proceedings before him, and it well may be

that in this case the trial judge could discern significant changes in circumstances of the parties or the child since the original hearing. We can presume that the trial court, in arriving at its decision, took judicial notice of the prior proceedings, although he was not asked to do so and did not formally announce that he had done so. *Vahlsing, Inc. v. Missouri Pac. R. Co.,* 563 S.W.2d 669, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Texas Securities Corp. v. Peters,* 463 S.W.2d 263, 265 (Tex. Civ.App.—Fort Worth 1971, no writ). The change of age of the child, when taken together with other circumstances shown in the record, can be sufficient to warrant a modification of the former decree. *Little v. Little,* 590 S.W.2d at 623; *Horne v. Harwell,* 533 S.W.2d 450, 452 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.).

We have carefully reviewed the record before us. We are able to ascertain from the testimony that the child is sixteen months older than she was when the first order was entered; that animosity exists between the parents which make communications between them difficult; that the Wednesday visitation provides a continuity between father and daughter that is meaningful in their relationship; and that the Wednesday evening visits tend to alleviate tension between father and daughter because of its continuous nature.

Moreover, we are unable to determine from the incomplete record before us, what inferences the trial judge may have drawn from the demeanor of the witnesses as they testified. It may well be that the trial judge was aware of changed circumstances of the parties by taking judicial notice of their circumstances as viewed at the time of the original decree.

Although the question has not been specifically addressed since the enactment of the Family Code, we believe there is a significant difference in the proof required to justify a modification in visitation rights as opposed to a change in custody, as expressed by the Supreme Court in *Boney v. Boney,* 458 S.W.2d 907, 911 (Tex.1970). In *Boney* the court held that the prerequisite proof of change in circumstances is quite different when a party seeks a modification of visitation rights, rather than a change of custody. The court stated that if the prior order is unworkable and inappropriate under existing circumstances, including the behavior of the parties, nothing further need be shown to justify a new visitation order. *See Kelly v. Novak,* 606 S.W.2d 25, 30 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Although the court's decision in *Boney* was written prior to the enactment of the Family Code, we are not persuaded that the rationale of *Boney* was altered by the enactment of section 14.08.

Consequently, in the absence of findings of fact, conclusions of law, and in view of the incomplete record we conclude that the trial judge did not abuse his discretion. To do so would be to substitute our interpretation of evidence for his. That we decline to do.

Judgment affirmed.