**Rosita Garcia GARZA, Appellant,**

v.

**Larry E. GARZA, Appellee.**

**No. 13–86–175–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1986.

Allan Potter, Corpus Christi, Guillermo Vega, Jr., Brownsville, for appellant.

Timoteo E. Gomez, Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an award of child custody in a divorce suit. Appellant wife had been named temporary managing conservator of the parties' two children during the pendency of the suit. Based upon a jury's verdict, the trial court awarded permanent managing conservatorship of both children to appellee. Appellant brings five points of error. We affirm.

In her first three points of error, appellant complains that the trial court erred in repeatedly admitting hearsay testimony and in allowing appellee's counsel to ask questions regarding matters of hearsay. The record shows that appellant worked as a counselor at a local high school. A Mr. Campos was a principal at that same school. Throughout the trial, appellee's counsel questioned witnesses about wheth-er they were aware that rumors had been circulating about "something going on" between appellant and Mr. Campos.

One witness, Enedina Truan, said she had heard the rumors, but that they were only hearsay. Appellant testified, on cross-examination, that she was not aware of the rumors. Appellee testified that he was aware of the rumors, that he had discussed the matter with both appellant and Mr. Campos and that they each denied it. Appellee admitted that he had no proof that his wife was having an illicit relationship with Mr. Campos. He did state that he had seen his wife's car and Mr. Campos' car parked in the school parking lot after hours. He testified that his son told him that appellant "is always coming home late," to which a hearsay objection was sustained.

On appeal, appellant complains appellee repeatedly injected improper and irrelevant matter of an injurious nature before the jury which requires reversal of the case. Appellant cites *Schwartz v. Jacob*, 394 S.W.2d 15, 18 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.), for the proposition that evidence which shows that a party engaged in "indiscretions which consisted of courtship and sexual relations," but which occurred away from the children and of which they had no knowledge, does not suggest that the party is not a fit and proper parent. There is nothing in the record which substantiates the innuendo that appellant engaged in any sexual indiscretions or that her children were aware of or affected by anything of that sort. The parties had not pled fault as a ground for the divorce.

While appellant may be correct that this line of questioning was improper and injected irrelevant and inflammatory matters before the jury, she made no objection on those grounds at trial. Although appellant phrases her points of error as complaints about the admission of hearsay, she argues for reversal because this evidence was irrelevant, improper and injurious. She does not argue this evidence was

improper hearsay on appeal. Objections to evidence on appeal that are different from those urged at trial will not be considered. *Pfeffer v. Southern Texas Laborer's Pension Trust Fund,* 679 S.W.2d 691, 693 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Wilkerson v. PIC Realty Corp.,* 590 S.W.2d 780, 782 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Bristol-Meyers Co. v. Gonzales,* 548 S.W.2d 416, 430 (Tex.Civ.App.—Corpus Christi 1977), *reversed on other grounds,* 561 S.W.2d 801 (Tex.1978); 1 C. McCormick and R. Ray, *Texas Law of Evidence, Civil and Criminal,* § 26 (Texas Practice 3rd ed. 1980).

The record reflects that appellant did not urge a motion in limine regarding any relationship between appellant and Mr. Campos. When appellee's counsel asked appellant if she was aware of the rumors, appellant's counsel objected on hearsay grounds and was overruled. When appellee's counsel asked the same question of Enedina Truan, appellant's counsel made no objection at all. When appellee's counsel asked appellee the same question, he nonresponsively answered that he had not been aware of the rumors until Mr. Campos' daughter told him that something was going on between appellant and Mr. Campos; appellant's counsel objected on hearsay grounds and was again overruled. Although this latter objection should have been sustained, appellant's counsel allowed a long line of testimony concerning appellee's personal assessment of whether there was something "going on." Appellant has failed to demonstrate on appeal that the error, if any, caused or probably caused the rendition of an improper judgment. TEX. R.CIV.P. 434.

Included in appellant's argument in point of error four, appellant complains of appellee's jury argument and contends it requires reversal. We disagree. During jury argument, appellee's counsel made a statement about appellant and Mr. Campos "socializing or whatever—." Appellant objected to the statement as an argument outside the record. Appellee's counsel was instructed to confine his remarks to the evidence. Appellant did not request an instruction to the jury to disregard the comment.

▇▇▇ Rarely is improper jury argument incurable. A complainant must prove that the argument, by its nature, degree and extent, constituted reversible error (i.e., that the probability the argument caused harm is greater than the probability that the verdict was founded on proper proceedings and evidence). *Standard Fire Insurance Co. v. Reese,* 584 S.W.2d 835, 839–40 (Tex.1979); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 596–97 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Appellee's counsel never completed his statement. Appellant's objection was, in effect, sustained, and appellee's counsel was admonished by the court in front of the jury. We do not view the argument as so extreme in nature to require reversal. Appellant's fourth point of error is overruled.

In her fifth point of error, appellant contends the trial court erred in entering judgment on the jury verdict that appellee should be the managing conservator because this finding was against the great weight and preponderance of the evidence. In determining questions of managing conservatorship, the best interest of the child is the primary consideration. TEX.FAM. CODE ANN. § 14.07(a) (Vernon 1975). Trial courts have wide discretion in determining the best interests of the child, and their judgments in this regard will only be reversed for an abuse of discretion. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *Altamirano v. Altamirano,* 591 S.W.2d 336, 338 (Tex.Civ.App.—Corpus Christi 1979, no writ).

▇▇▇ The record reflects that both parties are "good" parents. When the evidence would support the appointment of either parent as managing conservator, the trial court does not abuse its discretion in appointing either party. *See Fergus v. Fergus,* 547 S.W.2d 51, 53 (Tex.Civ.App.—Eastland 1977, no writ); *Altamirano,* 591 S.W.2d at 337. The record supports the jury's finding. The trial court did not err

in rendering judgment based on that finding.

The judgment of the trial court is affirmed.