**James Albert WEIMER, Appellant,**

v.

**Judith Ann (Barber) WEIMER, Appellee.**

**No. 13–89–211–CV.**

Court of Appeals of Texas, Corpus Christi.

April 12, 1990.

Daniel C. Pappas, Robert P. Gaddis, Houston, for appellant.

Edward F. Butler, South Padre Island, for appellee.

## OPINION

NYE, Chief Justice.

This is a family law and discovery sanctions case. By three points of error appellant, James Weimer, appeals the trial court's modification of the previous child custody and child support order as well as the imposition of sanctions against him for alleged abuse of discovery. We affirm the judgment of the trial court.

Weimer and appellee, Judith Barber, were divorced on March 16, 1984, in Weld County, Colorado. Weimer became managing conservator of the couple's oldest child, Adriane Weimer. Barber became managing conservator of the couple's three younger children and Weimer had visitation privileges as possessory conservator. Thereafter, Barber, her new husband, and the three younger children left Colorado and established a new residence in Port Isabel, Texas.

On August 4, 1987, Weimer filed his Suit Affecting the Parent–Child Relationship, seeking modification of the child custody order so that he would be the managing conservator of all the children. The former wife, mother, and appellee herein, transferred the action from Colorado to Texas on jurisdictional grounds. She also pleaded for modification of the order in the suit affecting the parent-child relationship, seeking changes in Weimer's visitation rights, an increase in child support payments, and attorney's fees. The trial court ordered that the relief sought in the father's (Weimer) suit be denied. Weimer subsequently filed a counterclaim to Barber's suit to modify the order in the suit affecting the parent-child relationship.

On July 29, 1988, the trial court signed a scheduling order for the parties to follow. The order: (a) required that all discovery be completed by ,October 21, 1988, unless extended by agreement of all parties and subject to the Court's approval; (b) required that all trial pleadings be filed by November 4, 1988; and (c) set the case for trial on November 21, 1988. Weimer allegedly did not respond to the discovery order.

On October 20, 1988, Barber filed several discovery motions, including a motion to compel. These motions asked that Weimer inform Barber of any relevant information he had acquired since giving his original discovery responses which he knew were incorrect or incomplete when made, or, although correct and complete when made, were no longer true and complete and the circumstances were such that failure to amend the answers was, in substance, misleading. The trial court granted these motions and ordered that Weimer supplement his discovery responses by November 1, 1988.

On November 4, 1988, Barber filed her Motion for Contempt, Alternative Rule 215 Sanctions, Money Sanctions, and Attorney's Fees and Further Expenses. Barber alleged that Weimer and his attorney failed to respond to the trial court's orders to provide complete discovery information and to supplement discovery requests. Specifically, Barber alleged that Weimer provided an incomplete response to Barber's Request for Production by stating that certain

information was attached to the production response when, in actuality, it was not attached and by subsequently failing to provide those documents. Barber also alleged that requested supplementation of discovery records regarding Weimer's potential trial witnesses, the purchase date, the price and the address of certain real property, a list of property generating income or property used for generating income, and copies of all documents or other tangible items which Weimer intended to introduce into evidence along with a statement regarding each item's relevancy to the proceedings were not provided. She pleaded that Weimer and his attorney be found in contempt of court pursuant to Tex.R.Civ.P. 215 for their failure to comply with court-ordered discovery. Additionally, she asked that the court impose money and evidentiary sanctions and Barber's attorney's fees upon Weimer and his attorney for alleged willful disobedience and dilatory tactics.

Pursuant to this motion, the trial court ordered, in pertinent part, that Weimer's pleadings be stricken, that Barber become the sole managing conservator of the minor children, an increase in the amount of child support, and that Weimer pay $3,680.00 in child support arrears and $11,000.00 in attorney fees. Although properly served with notice of the hearing regarding these matters, Weimer was not present nor was he represented by counsel. The trial court did not rule on Barber's motion for contempt due to Weimer's absence. Weimer filed a motion to reconsider the order and a motion for new trial. The trial court denied these motions.

On appeal, Weimer alleges in his first point of error that the trial court erred and abused its discretion by sanctioning Weimer and entering a default judgment against him for his alleged abuse of discovery. Weimer complains that Barber filed numerous motions to compel discovery to create the incorrect impression that he was not cooperating with the discovery orders. He alleges that he complied with all discovery requests as required under Tex.R.Civ.P. 166b and that the trial court exceeded the proper sanctions for failure to supplement discovery under Tex.R.Civ.P. 215.

■ Additionally, appellant argues that the proper sanctions for the present situation are delineated under subsection 5 of Rule 215 which discusses the failure to respond or supplement discovery. We disagree. The trial court ordered Weimer on several occasions to complete discovery by a certain date and then to supplement discovery with specific information. Texas Rule of Civil Procedure 215, subsections (2)(b)(2) and (2)(b)(5) provide, in pertinent part, that:

> if a party or an officer, director, or managing agent of a party or a person designated under Rules 200-2b, 201-4 or 208 to testify on behalf of a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, including an order made under paragraph 1 of this rule or Rule 167a, the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others, may make the following....

> (2) charge all or any portion of the expenses of discovery or taxable court costs or both against the disobedient party or the attorney advising him....

> (5) strike out pleadings or parts thereof, or stay further proceedings until the order is obeyed, or dismiss with or without prejudice the action or proceedings or any part thereof, or render a judgment by default against the disobedient party.

Rule 215, subsection 2, defines the sanctions available when discovery orders or discovery requests are not accommodated and is the proper rule applied in this case.

■ A trial court may impose sanctions on any party that abuses the discovery process. *First State Bank, Bishop v. Chappell & Handy, P.C.*, 729 S.W.2d 917, 920 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); Tex.R.Civ.P. 215. Discovery sanctions imposed by a trial court are within that court's sound discretion and will only be reversed if that court clearly abused its discretion. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *First State Bank*, 729 S.W.2d at

921; *McInnes v. Yamaha Motor Corp.*, 659 S.W.2d 704, 713–14 (Tex.App.—Corpus Christi 1983), *aff'd,* 673 S.W.2d 185 (Tex. 1984). The test for determining an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, namely, whether the trial court acted arbitrarily or unreasonably in imposing the sanctions. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Medical Protective Co. v. Glanz,* 721 S.W.2d 382, 386 (Tex.App.— Corpus Christi 1986, writ ref'd); *Lindley v. Flores,* 672 S.W.2d 612, 614 (Tex.App.— Corpus Christi 1984, no writ). Discovery sanctions must be just and fair. They must further one of the following purposes: (1) to secure the parties' compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules; and/or (3) to reasonably punish parties that violate the rules of discovery. *Bodnow Corp.*, 721 S.W.2d at 840; *First State Bank,* 729 S.W.2d at 921.

█ The record contains a multitude of Barber's motions for sanctions as well as other court actions against Weimer. The record shows that the trial court ordered Weimer to provide specific discovery information and to supplement discovery on many occasions. Nevertheless, there is no indication by the record presented to us showing that Weimer complied with the discovery and supplementation orders. The burden was on appellant as the party seeking review to see that a sufficient record was presented to show error requiring reversal. Tex.R.App.P. 50(d). Our review of the record indicates that the trial court's order sanctioning Weimer for abuse of discovery is consistent with the motions and orders presented in this appeal. We find that the trial court did not abuse its discretion by sanctioning Weimer for discovery abuse. Appellant's first point of error is overruled.

█ By his second point of error, Weimer alleges that the trial court erred and abused its discretion by striking his pleadings and rendering a default judgment against him because such a ruling was not in the best interest of the children who were the subject of the suit to modify the Order Affecting the Parent–Child Relationship. Texas Family Code Ann. § 14.07(a) (Vernon 1986) provides that "the best interest of the child" shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child. Trial courts have wide discretion in determining the best interests of the child, and their judgments will only be reversed on appeal for an abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *Garza v. Garza,* 718 S.W.2d 825, 827 (Tex.App.—Corpus Christi 1986, no writ); *Altamirano v. Altamirano*, 591 S.W.2d 336, 338 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In the present case, the record reflects that the parties' oldest daughter, Adriane Weimer, filed an affidavit stating specific facts regarding the allegedly poor living conditions which Barber provided for the three younger children. Barber filed a sworn affidavit refuting these allegations. The record also indicates that an investigator conducted a social study of the three younger children and the living conditions with the Barber home. The investigator interviewed Barber and some of the neighbors and teachers who knew the children. The study revealed that the children excelled in their academic endeavors and appeared "normal and healthy." The study also revealed that the children were unruly and misbehaved after visitation with the father, appellant herein. Adriane Weimer sought to convince the three younger children to live with their father and her in Colorado. The investigator withheld making any recommendations regarding the care and custody of the children because the investigator had not studied the other party, Mr. Weimer.

The record does not conclusively show that the mother was a "bad parent" to her children or that the children were adversely affected while the mother was the managing conservator. Appellant bore the burden of proving that making him the sole managing conservator and making Barber the possessory conservator was in the chil-

dren's best interests. This he did not do. As a result, the record does not prove that Weimer's allegations against Barber were true so that the court's order modifying child conservatorship and visitation was an abuse of discretion. Point of error number two is overruled.

By his third point of error, appellant argues that the trial court erred and abused its discretion by not having a separate hearing on damages before declaring a default judgment. Appellant asserts that this case determined liability and awarded attorney's fees as unliquidated damages. We disagree. The issues in this case were child custody and child support payments. Because of the length of time required to obtain discovery and the repetitious motions for discovery and sanctions, the court had to dispose of pretrial issues prior to rulings on the primary reasons for this suit. Attorney's fees were properly assessed against Weimer as a penalty for abusing the discovery orders issued by the trial court. No liability issues existed in this suit to modify the parent-child relationship. Point of error number three is overruled.

The judgment of the trial court is AFFIRMED.