Mark Sheridan PRAUSE, Appellant,

v.

Jill Kubina Prause WILDER, Appellee.

No. 6–91–033–CV.

Court of Appeals of Texas,
Texarkana.

Nov. 26, 1991.

Shelley M. Solow, Huntsville, for appellant.

James D. Hurst, Huntsville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Mark Prause appeals the trial court's judgment declining to modify the visitation provisions contained in the original divorce decree. The issue on appeal is whether the trial court abused its discretion in failing to modify the visitation provisions contained in the original decree. Mark Prause con-

tends that the visitation provision should be modified to reflect the standard guidelines for visitation. We determine that the trial court did not abuse its discretion in failing to modify the visitation provision, and therefore affirm the judgment.

Mark and Jill Prause divorced on January 19, 1987. Jill Prause was appointed managing conservator of the child born of this marriage, and Mark Prause was appointed possessory conservator. The possessory conservator was given visitation one weekend per month, two weeks each year, alternating years for Easter, Christmas and Thanksgiving, and at other times the parties agreed upon. Mark Prause brought suit to modify the visitation order so it would reflect the standard guidelines set out in the Family Code, as amended in 1989. TEX.FAM.CODE ANN. § 14.033 (Vernon Supp.1991).

■ The party requesting the modification must show that the circumstances of the child have been materially or substantially changed since the decree was entered, or that the underlying decree has become unworkable or inappropriate. TEX. FAM.CODE ANN. § 14.08(c)(3)(A), (B) (Vernon Supp.1991). The standard guidelines for visitation may be relied upon by the court in reaching its decision. TEX.FAM.CODE ANN. § 14.033(*o*). There is also a rebuttable presumption that the standard order provides a reasonable minimum visitation and that it is in the best interests of the child. *MacCallum v. MacCallum*, 801 S.W.2d 579, 585 (Tex.App.—Corpus Christi 1990, writ denied); TEX.FAM.CODE ANN. § 14.033(k). However, the primary consideration of the court in determining the questions of managing conservatorship, possession, and support of and access to a child shall be the best interests of the child. *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ); TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1986). The movant has the burden to establish that the proposed modification is in the best interests of the child. *MacCallum v. MacCallum*, 801 S.W.2d at 585.

■ Trial courts have wide discretion in determining the best interests of the child,

and their judgments will only be reversed on appeal for an abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *Weimer v. Weimer*, 788 S.W.2d at 650. Because the trial court is afforded this broad discretion, the standard of review is narrowly limited to a determination of whether the trial court abused its discretion. *Maixner v. Maixner*, 641 S.W.2d 374, 376 (Tex.App.—Dallas 1982, no writ). The trial court has discretion because the court sees the parties and the witnesses, observes their demeanor, views their personalities, and senses the forces and powers which motivate them. *Id.* The trial court is in a much better position to determine what is in the best interests of the child. *Id.*

■ Mark Prause did not prove evidence that the current visitation order is unworkable or that a change would be in the best interests of the child. He testified that he wanted more visitation and that the present order was not unworkable. Both parties testified that the visitation dates set out in the decree are being met, that other dates were not being agreed upon, and would most likely not be agreed upon in the future. However, the fact that other dates are not being agreed upon does not by itself show that the order is unworkable. Any additional visitation dates are voluntary and up to the parties.

In this case, there are specified dates when visitation is to take place, and the specified dates have not become unworkable. Although these dates do not meet the standard guidelines, this fact alone will not require the decree to be modified. The trial court may use these guidelines in its analysis, but it is still within the trial court's discretion to modify. Here, the trial court did not feel that the discrepancies between the original decree and the standard order were great enough to require that the decree be modified.

The trial court found that no change in the visitation order would be in the best interests of the child. Since there is no showing that the trial court abused its dis-

cretion, this Court will not alter the trial court's decision.

The trial court's judgment is affirmed.

GRANT, Justice, concurring.

I concur with the result reached by the majority but disagree with the standards used to reach that result.

Section 14.033(k) of the Family Code contains the following language:

> (k) Rebuttable Presumption. *In any suit* affecting the parent-child relationship, there is a rebuttable presumption that the "standard order" set forth in this section provides reasonable minimum possession of a child for a parent named as a possessory conservator and that the order *is in the best interest of the child.*

TEX.FAM.CODE ANN. § 14.033(k) (Vernon Supp.1991) (emphasis added).

This section and this rebuttable presumption is applicable to the present case. *Suit affecting the parent-child relationship* is defined in Section 11.01(5) of the Family Code to mean a suit brought under that subtitle in which the appointment of a managing conservator or possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought. TEX.FAM.CODE ANN. § 11.01(5) (Vernon Supp.1991). A motion to modify a divorce decree falls within that definition. *Leonard v. Paxson*, 654 S.W.2d 440 (Tex.1983); *Rogers v. Rogers*, 536 S.W.2d 442 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

A rebuttable presumption holds good until evidence contrary to it is introduced. This presumption provides a *prima facie* case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the presumed fact. *See* BLACK'S LAW DICTIONARY 1267 (6th ed.1990). The majority has cited this presumption but then upheld a decision against Mark Prause because he did not provide evidence that the change would be in the best interest of the child. Because Mark Prause sought the standard visitation, the Legisla-

ture has provided that there is a rebuttable presumption that the standard visitation is in the best interest of the child. Thus, Prause could prevail without introducing any evidence on this issue. The majority's reliance upon *MacCallum v. MacCallum*, 801 S.W.2d 579 (Tex.App.—Corpus Christi 1990, writ denied), is misguided because in *MacCallum*, the father was not seeking visitation under the standard order. The party against whom a presumption operates has the burden of producing evidence on the issue. *See McGuire v. Brown*, 580 S.W.2d 425, 431 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

Although the trial court has wide discretion in determining the best interest of the child, it cannot act without reference to any guiding rules and principles, or in an arbitrary or unreasonable manner. It would be an abuse of discretion for the trial court to ignore the statutory presumption.

The Legislature recognized in TEX.FAM. CODE ANN. § 14.032(b) (Vernon Supp.1991) that a change of age from being under three years of age[1] to being older than three years of age can be a material and substantial change justifying a change in visitation. *See also Horne v. Harwell*, 533 S.W.2d 450 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.).

In the absence of specific findings of fact and conclusions of law, there is a presumption that the trial judge found every fact necessary to sustain the judgment, and the trial court's decision must be upheld on any legal theory that is supported by the record. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962). Jill Prause did offer testimony in rebuttal to the presumption concerning the home environment of Mark Prause, his consumption of alcoholic beverages in the presence of the child, his tendency to become violent when consuming alcoholic beverages and his keeping of a pit bull dog with a propensity for being vicious. In absence of findings of fact and conclusions of law, we must presume that the trial court found this evidence sufficient to rebut the presumption favoring

---

1. In the present case, the trial judge noted on the docket that "Child still under age of 5 yrs."

standard visitation. For this reason, I concur with the majority.