IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-179-CV





LANDON TILFFORD TURNBOW,



 APPELLANT


vs.





LISA ALEXANDER,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. 58,147-A, HONORABLE ROYAL HART, JUDGE



 





PER CURIAM



 Appellant Landon Tilfford Turnbow appeals from an order of the district court of
Tom Green County that modified a prior order in a suit affecting the parent-child relationship. 
We will affirm the order of the district court.

 Turnbow and appellee Lisa Alexander were divorced in 1985. In February 1990,
the district court appointed the parties joint managing conservators of their child, Landa Shae
Turnbow. See Tex. Fam. Code Ann. § 14.021 (Supp. 1991). The order issued at that time ("the
February 1990 order") stated that Landa "shall continue to attend school at Day Elementary
School, San Angelo, Texas, or such other school within the San Angelo Independent School
District, as may be required by the school district, until further order of this Court."

 In September 1990, Alexander filed a motion to modify prior order in suit affecting
the parent-child relationship seeking a change in Landa's school. After a hearing, the district
court issued its order granting the motion and allowing Alexander to enroll Landa in the Wall
Independent School District. The district court filed findings of fact and conclusions of law
stating:



FINDINGS OF FACT



. . . .


10. The prior order of the Court with regard to the child's attending school
was, under existing circumstances, unworkable and inappropriate as alleged
by [Alexander] in her Motion to Modify.


. . . .


CONCLUSIONS OF LAW


. . . .


3. The best interest of the child would be served by allowing [Alexander] to
enroll the child in the Wall Independent School District as requested in
[Alexander's] Motion to Modify.


 Texas Fam. Code Ann. § 14.081(c) (Supp. 1991) allows a court to modify the
terms of an existing joint conservatorship decree, after a hearing, if:



(1)(A)  the circumstances of the child or one or both joint managing conservators
have materially and substantially changed since the rendition of the decree to be
modified; or


   (B)  the decree has become unworkable or inappropriate under existing
circumstances; and


(2)  a modification of the terms and conditions of the decree would be a positive
improvement for and in the best interest of the child.



 The trial court has wide discretion with respect to custody, control, possession, and
visitation matters involving the child. Leithold v. Plass, 413 S.W.2d 698, 701 (Tex. 1967). 
Thus, an appellate court will reverse the trial court judgment only if it appears from the record
as a whole that the court abused its discretion. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982); Billeaud v. Billeaud, 697 S.W.2d 652, 653 (Tex. App. 1985, no writ). We may 

not pass on the credibility of the witnesses or substitute our judgment for that of the trier of fact. 
Clancy v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App. 1986, writ ref'd n.r.e.).

 In his first two points of error, Turnbow contends that the district court erred in
modifying the February 1990 order because there had been no change of circumstances since entry
of that order and because the evidence was legally and factually insufficient to support the finding
"that the prior order was (had become) unworkable and inappropriate under existing
circumstances." We understand Turnbow to argue that § 14.081(c)(1)(B) requires proof of some
change since entry of the order to be modified and that Alexander did not meet her burden of
proof.

 Because she relied on § 14.081(c)(1)(B), Alexander did not have to prove a material
and substantial change of circumstances since entry of the February 1990 order. Under §
14.081(c)(1)(B), a trial court may modify the terms and conditions of an order that provides for
joint conservatorship when the decree has become unworkable or inappropriate under existing
circumstances, if the court finds the modification would be a positive improvement for and in the
best interest of the child. Nothing further need be shown. See Boney v. Boney, 458 S.W.2d 907,
911 (Tex. 1970); In Interest of R.N.C., 768 S.W.2d 516, 517-18 (Tex. App. 1989, no writ);
Maixner v. Maixner, 641 S.W.2d 374, 377 (Tex. App. 1982, no writ).

 Alexander testified that she lives in Wall, thirteen miles from San Angelo; that the
distance from her house to Day Elementary School is twenty-three miles; that she drives Landa
to and from school; and that the school in Wall is two miles from her house. Under the terms of
the February 1990 order, Alexander has possession of Landa at all times except "during each four
. . . day period when [Turnbow] is off duty from the San Angelo Fire Department" and during
one weekend period when Turnbow is off duty each month. The evidence showed that since
October 1989, the time of the last hearing, Landa has spent more school days with Alexander than
with Turnbow. Alexander testified as to the number of miles she drove between her house and
the school each month and to the fact that the mileage "start[ed] going back up" in September. She testified further that when the trial court entered the previous order she was
unemployed but now cares for children in her home. Her husband remains unemployed.

 Turnbow testified that he is a paramedic with the San Angelo Fire Department and
is also completing a nursing degree at Angelo State University; that his family helps with child
care, including taking Landa to and from school; and that he "can't do the driving." At the time
of the hearing, Turnbow was in classes or clinics each Tuesday and Thursday beginning at 6:30
a.m. Day Elementary School is two blocks from his house, four blocks from his mother's house,
and approximately a mile from his grandmother's house. When Alexander moved to Wall, Landa
was in pre-school.

 Based on our review of the record, we conclude that the trial court has not abused
its discretion. There is sufficient evidence to support the finding of fact number ten. See Boney,
458 S.W.2d at 911; Maixner, 641 S.W.2d at 377. We overrule points of error one and two.

 In point of error three, Turnbow contends that the evidence was legally and
factually insufficient to support the finding that the modification was in Landa's best interest. (1) 
In deciding a legal sufficiency point, we must consider only the evidence and inferences to the
contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965). To determine whether the evidence was factually sufficient, this
Court must consider and weigh all the evidence, and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 Alexander testified that, in her opinion, Wall has adequate facilities for Landa; that
she would not be harmed by attending school in Wall; that Landa has friends who go to school
there; and that, until recently, she was doing well at Day Elementary. Alexander testified further
that going to a school closer to Wall was in Landa's best interest.

 Turnbow testified that he was satisfied with Day Elementary; that Landa has done
well there; and that he spends a lot of time with Landa on her school work and would not be able
to do so if Landa went to school in Wall. He testified additionally that there was no reason for
a change in schools and that a change would not be in Landa's best interest. (2)

 Based on the review of the record before this Court, we determine that there was
some evidence to support a finding that the modification was in Landa's best interest. We
conclude further that the finding is not so contrary to the overwhelming weight and preponderance
of the evidence as to be clearly wrong and unjust. Accordingly, the trial court did not abuse its
discretion in determining that it was in Landa's best interest that she attend school in Wall. We
overrule point of error three.

 The order of the trial court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: November 27, 1991

[Do Not Publish]
1. [1] Turnbow does not complain of a failure to find that the modification would be a positive
improvement for Landa. § 14.081(c)(2). In the absence of a finding, this Court will presume that
the trial court found this element in support of the judgment. Tex. R. Civ. P. Ann. 299 (Supp.
1991).
2. [2] In his brief, Turnbow also refers to evidence presented at the hearing on his motion for new
trial and motion for temporary orders pending appeal. This testimony is not relevant to our
consideration of Turnbow's points of error.