TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00683-CV






Melissa B. Ward, Appellant



v.



James M. Ward, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 145,455-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING 







 Appellant Melissa Ward appeals the trial court's judgment declining to modify the
restrictive residence, visitation, and child support provisions of a prior final divorce decree entered into by
agreement of the parties. In three points of error the appellant argues that the trial court abused its
discretion by: (1) refusing to modify a restrictive residence provision requiring the child to remain in Bell
County; (2) failing to modify the visitation provisions to reflect the standard guidelines for visitation; and (3)
failing to order Appellee James Ward to pay child support in accordance with the Texas Child Support
Guidelines. We determine that the trial court did not abuse its discretion in failing to modify the restrictive
residence and visitation provisions of the agreed divorce decree, but reverse and remand on the issue of
child support. 


BACKGROUND

 On May 10, 1994, James and Melissa Ward reached an agreement regarding final orders
affecting the care and support of their only child. The agreement, which was approved and signed by the
judge presiding over the contested divorce, contained three provisions relevant to this appeal. First, the
parties agreed that Melissa Ward would be the child's managing conservator and that James Ward would
be possessory conservator. As part of the possessory conservator provision, James Ward got possession
of the child in excess of the statutory guidelines. Second, the parties agreed that the child's primary
residence would be restricted to Bell County. Bell County was home to many of the child's extended
family, including her grandparents, aunts, and uncles. This restrictive residence provision was subject to
change only upon the parties' written agreement or by court order. Finally, as to financial support of the
child, the parties agreed that each would pay one-half of the day care, health insurance, and uninsured
medical expenses incurred on behalf of the child. Additionally, the parties stipulated and agreed that James
Ward should not be ordered to pay child support at the time of the final divorce, but that stipulation would
not bar Melissa Ward's right to seek modification of the decree regarding child support in the future.

 Following the entry of the divorce decree, James Ward remarried, relocated, and changed
jobs. He currently resides in McLennan County, less than twenty miles away from his daughter's home,
and his new employment pays him approximately $10,000 more per year than he was making at the time
of the divorce. His new salary represents an increase in net resources of about twenty-five percent more
than his net resources at the time of the divorce. 

 Melissa Ward remains in Bell County with her daughter and currently makes about $300
per month less in net resources than James Ward. Melissa Ward sought to modify the restrictive residence
provision in the agreed divorce decree in order to move with her daughter to Brazos County to live with
her fiancee in Bryan, Texas. She sought modifications to the visitation and child support provisions because
of James Ward's alleged failures to adhere to various provisions in the agreed divorce decree including:
(1) moving to McLennan County without providing notice in accordance with their agreement; (2) 
repeatedly missing days he was supposed to spend with their child pursuant to the visitation orders; and
(3) often missing payments for child care and health care expenses.


STANDARD OF REVIEW

 The standard for review in this case is abuse of discretion. See Ex parte Rhodes, 352
S.W.2d 249, 252 (Tex. 1961) (appellate court will look with care to see whether there has been an abuse
of discretion on part of court which denies permission to remove a restrictive residence provision from a
divorce decree); Marriage of Hammer, 906 S.W.2d 263, 265 (Tex. App.--Amarillo, 1995 no writ)
(exercise of court's power to modify parent's child support obligation will not be overturned unless clearly
abused); Prause v. Wilder, 820 S.W.2d 386, 387 (Tex. App.--Texarkana 1991, no writ) (abuse of
discretion standard is used to determine if trial court erred in failing to modify visitation provisions in divorce
decree). The trial court has discretion because the court sees the parties and the witnesses, observes their
demeanor, views their personalities, and senses the forces and powers that motivate them. Prause, 820
S.W.2d at 387. A trial court abuses its discretion only when it acts in an unreasonable and arbitrary
manner, or when it acts without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely
because we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242. 


DISCUSSION

 The party requesting modifications to restrictive residence, visitation, and child support
provisions in an agreed divorce decree must show that the circumstances of the child or a party affected
by the order have materially and substantially changed since the date of the rendition of the order. See Tex.
Fam. Code Ann. §§ 156.301, .401 (West 1996); Prause, 820 S.W.2d at 387. However, the primary
consideration of the trial court in determining the questions of managing conservatorship, possession,
support, and access to a child shall be the best interest of the child. Prause, 820 S.W.2d at 387; Weimer
v. Weimer, 788 S.W.2d 647, 650 (Tex. App.--Corpus Christi 1990, no writ).

 In Melissa Ward's second and third points of error, she argues that the trial court abused
its discretion by failing to modify the restrictive residence and visitation provisions in the agreed divorce
decree. We disagree with both points. As to the issue of modifying the visitation order, the record shows
that James Ward spent a considerable amount of time with his daughter and had a loving relationship with
her. The record shows he spent between ten to fifteen days per month with his daughter, and that his
daughter was very happy when she spent time with her father. Although James Ward did not specifically
adhere to the visitation order because of his work schedule, he made substitute arrangements with Melissa
Ward to have the child the same amount of time he was entitled to under the agreement. The trial court
was well within its discretion in refusing to modify the visitation order to adhere to standard visitation
guidelines.

 We also disagree with Melissa Ward's argument that the trial court erred in refusing to
modify the provision restricting the child's residence to Bell County. Melissa Ward contends that because
James Ward violated various parts of the agreed divorce decree as discussed above, she should not be
held to the agreement requiring their daughter to remain in Bell County. We do not find James Ward's
violations dispositive on whether the trial court abused its discretion in refusing to modify the agreed divorce
decree. As stated above, the ultimate test on whether a court should modify issues regarding a child in a
divorce decree is the "best interest of the child." Weimer, 788 S.W.2d at 650 (best interest of child is
always primary consideration of the court); see also Tex. Fam. Code Ann. § 156.302 (West 1996). We
believe that the trial court did not abuse its discretion in finding that it would not be in the best interest of
the child to allow Melissa Ward to move the child to Brazos County. In refusing to modify the residence
restriction in the agreed divorce decree, the trial court found it beneficial for the child to grow up around
her extended family and be in close proximity to her father. Furthermore, while it is true that James Ward
moved from Bell County to McLennan County without properly notifying the court pursuant to the agreed
decree, the record shows that his residence in McLennan County is less than twenty miles away from his
daughter and has had no bearing on his daughter's primary residence or his access to the child. Moreover,
James Ward stated that he would move back to Bell County if "that's what it [took] to keep his daughter
[there]." However, allowing Melissa Ward to move their daughter to Brazos County would put the child
approximately one hundred miles away from her father and her extended family, as well as establish a
residency which contravenes the parties' agreement. Therefore, we hold that the trial court did not abuse
its discretion in refusing to modify the visitation order and the restrictive residence provisions of the final
divorce decree. We overrule Melissa Ward's second and third points of error. 

 In her first point of error, Melissa Ward argues that the trial court abused its discretion in
refusing to modify the agreed divorce decree regarding child support. The record shows that James
Ward's salary has increased by $10,000 since the time of the divorce. His net resources have increased
by approximately twenty-five percent. In addition, James Ward has stated in open court that his primary
concern is being near his child and that he has no objection to a reexamination of the child support issue. 
While it is a close question under an abuse of discretion standard, we hold that under the facts and
circumstances present here, the cause should be reversed and remanded for reconsideration of the child
support issue. We therefore sustain Melissa Ward's first point of error.


CONCLUSION

 We affirm the judgment of the trial court denying appellant's petition to modify the
residence restriction and visitation order of the original agreed divorce decree. We reverse the judgment
of the court refusing to modify child support and remand this cause for reconsideration of that portion of
the divorce decree.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: October 30, 1997

Do Not Publish




M>Weimer
v. Weimer, 788 S.W.2d 647, 650 (Tex. App.--Corpus Christi 1990, no writ).

 In Melissa Ward's second and third points of error, she argues that the trial court abused
its discretion by failing to modify the restrictive residence and visitation provisions in the agreed divorce
decree. We disagree with both points. As to the issue of modifying the visitation order, the record shows
that James Ward spent a considerable amount of time with his daughter and had a loving relationship with
her. The record shows he spent between ten to fifteen days per month with his daughter, and that his
daughter was very happy when she spent time with her father. Although James Ward did not specifically
adhere to the visitation order because of his work schedule, he made substitute arrangements with Melissa
Ward to have the child the same amount of time he was entitled to under the agreement. The trial court
was well within its discretion in refusing to modify the visitation order to adhere to standard visitation
guidelines.

 We also disagree with Melissa Ward's argument that the trial court erred in refusing to
modify the provision restricting the child's residence to Bell County. Melissa Ward contends that because
James Ward violated various parts of the agreed divorce decree as discussed above, she should not be
held to the agreement requiring their daughter to remain in Bell County. We do not find James Ward's
violations dispositive on whether the trial court abused its discretion in refusing to modify the agreed divorce
decree. As stated above, the ultimate test on whether a court should modify issues regarding a child in a
divorce decree is the "best interest of the child." Weimer, 788 S.W.2d at 650 (best interest of child is
always primary consideration of the court); see also Tex. Fam. Code Ann. § 156.302 (West 1996). We
believe that the trial court did not abuse its discretion in finding that it would not be in the best interest of
the child to allow Melissa Ward to move the child to Brazos County. In refusing to modify the residence
restriction in the agreed divorce decree, the trial court found it beneficial for the child to grow up around
her extended family and be in close proximity to her father. Furthermore, while it is true that James Ward
moved from Bell County to McLennan County without properly notifying the court pursuant to the agreed
decree, the record shows that his residence in McLennan County is less than twenty miles away from his
daughter and has had no bearing on his daughter's primary residence or his access to the