**Lee B. POLANCO, Individually and d/b/a M.F.C. & Associates, Appellant,**

v.

**PAN AMERICAN UNIVERSITY, Appellee.**

No. 13–90–375–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 12, 1991.

Motion to Vacate Judgment Denied Nov. 21, 1991.

---

Charles Cervantas, Maloney & Burch, Michael J. Dennis, Washington, D.C., for appellant.

Carey E. Smith, Asst. Atty. Gen., Austin, Paul D. Rich, San Antonio, Dan Morales, Atty. Gen., Austin, for appellee.

Before HINOJOSA, KENNEDY and DORSEY, JJ.

HINOJOSA, Justice.

## OPINION

This is an appeal from a default judgment entered against appellant, Lee B. Polanco d/b/a M.F.C. & Associates and in favor of Pan American University, the ap-

pellee. Appellant complains that the trial court erred in striking appellant's answer pursuant to appellee's motion for sanctions. We affirm.

Pan American University filed suit against Polanco alleging various causes of action pursuant to the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon 1989), breach of contract, breach of fiduciary duty, fraudulent concealment, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (1989). As the litigation progressed, Pan American University sought sanctions against appellant for failure to answer certain discovery requests. On April 16, 1990, appellee filed a Motion for Sanctions, alleging that Polanco failed to produce certain documents requested by appellant pursuant to a Motion to Produce. On May 1, 1990, after a hearing, the trial court ordered Polanco to produce certain documents "on or before May 18, 1990."

On June 4, 1990, appellee filed another Motion for Sanctions asserting that appellant had failed to comply with the trial court's production order and to answer certain interrogatories. Appellee asked the court to strike appellant's pleadings pursuant to TEX.R.CIV.P. 215(2)(b)(5). After a hearing on the second motion for sanctions, the trial court granted appellee's motion and struck Polanco's answer. The court then entered a default judgment against Polanco and awarded Pan American University damages in the amount of $300,-000.00, attorneys' fees and court costs.

Before we review appellant's complaints, we must determine what his points of error are. A review of appellant's brief indicates that a listing of points of error is absent, in violation of TEX.R.APP.P. 74(d).[1] Additionally, appellant consistently refers in his brief to matters outside the record including, a federal action, alleged *ex parte* communications, and improper conduct by the trial court. These acts, appellant alleges, constitute an: "arbitrary and capricious act

1. We cannot hold this operates as a waiver of the appeal without ordering a rebrief. *See Inpetco Inc. v. Texas American Bank/Houston* *N.A.,* 729 S.W.2d 300 (Tex.1987). However, because we are able to discern appellant's arguments, we will overlook this irregularity.

[which] can only be declared an abuse of discretion and a venal and cruel form of punishing Mr. Polanco, which violates Texas law." In his "Argument and Point of Error" appellant lists four subsections, each followed by argument,[2] designated A through D, and entitled:

(1) THE TRIAL JUDGE ABUSED HIS DISCRETION IN AWARDING PLAINTIFF A DEFAULT JUDGMENT, AND DID SO TO PUNISH APPELLANT.

(2) THE TRIAL COURT ERRED IN NOT CONSIDERING OBJECTIONS AND FAILING TO CONSIDER OPTIONS UNDER THE CIRCUMSTANCES.

(3) THE DEFAULT JUDGMENT IS GROSSLY EXCESSIVE AND THE COURT MUST REVERSE.

(4) THE TRIAL COURT SHOULD HAVE RECUSED HIMSELF ON TWO GROUNDS AND THIS COURT SHOULD REVERSE AND ADMONISH THE TRIAL COURT.[3]

In his conclusion, appellant, heaping high praise upon the judges of Texas, states:

Even within the Texas judiciary's well earned reputation for meting out 'Frontier Justice', the lower court's conduct cannot be condoned, for it would confirm the Kafkaesque nature of this 'trial'. Moreover, this Court must admonish by opinion and order, the lower court, to maintain the standards of fairness and competence in an orderly and civilized society—not one controlled by the exigencies of electoral politics.

These statements and subtitles, which do not at any point refer to any part of the record before us,[4] hardly qualify as "points of error" under TEX.R.APP.P. 74(d). This Court would humbly point out to appellant that, although we have a bit more to travel before we reach the advanced stage of the enlightened judiciary found in the East Coast, in Texas we do have certain appellate rules, albeit archaic, which require appellants to designate specific points of error. These rules make it easier for frontier Courts of Appeals to "figger out" what specific actions of the trial judge the appellant complains are erroneous. This is especially important when appellant files a brief with this Court replete with assertions and allegations regarding various matters, (for example, a federal action, ex parte communications, conflicts of interest, and other issues), the substance of which is not in the record before this Court.

■ Notwithstanding appellant's complete failure to follow the Texas Rules of Appellate Procedure, we are able to discern that he is complaining that the trial court abused its discretion in striking appellant's pleadings or in entering a default judgment against appellant, or both. In order to persuade this Court that the trial judge abused his discretion, the appellant has the burden to direct us to that part of the record showing such abuse. *See* TEX. R.APP.P. 50(d). Appellant failed to file a statement of facts with this Court indicating the matters considered by the trial court at the sanction hearing, and the evidence heard forming the basis for the entry of default judgment.

■ When no record, or a partial record is brought into this court, we must presume that the omitted portions of the record support the judgment. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex.1990); *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex.1982); *Cox v. Realty Dev. Corp.*, 748 S.W.2d 492, 493 (Tex. App.—Dallas 1988, no writ). With no evidence to rebut the presumption, appellant's argument that the trial court erred cannot be sustained.

---

**2.** "A *statement of the points* upon which an appeal is predicated shall be stated in short form *without argument* and be separately numbered...." (emphasis added) TEX.R.APP.P. 74(d).

**3.** We should note that even in the limited record before us we fail to find a motion to recuse or

anything which suggests that appellant brought the matter of recusal to trial judge's attention.

**4.** "... In parenthesis after each point, reference *shall* be made to the page in the record where the matter complained of is to be found ..." (Emphasis added) Rule 74(d) Tex.R.App.P.

Moreover, in *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990), and *DeSantis*, 793 S.W.2d at 689, the court stated that the appellant cannot establish harmful error under TEX.R.APP.P. 81(b)(1), on a partial record or no record because the appellate court must consider the entire record in determining whether the error is harmful.

In *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi, 1990, no writ), this Court recently addressed the effect of the failure to file statement of facts:

> Nevertheless, there is no indication by the record presented to us showing that Weimer complied with the discovery and supplementation orders. The burden was on appellant as the party seeking review to see that a sufficient record was presented to show error requiring reversal. *Tex.R.App.P. 50(d)*. Our review of the record indicates that the trial court's order sanctioning Weimer for abuse of discovery is consistent with the motions and orders presented in this appeal.

*Id.* at 650.

Appellant is unable to rebut the presumption that the judgment is correct or establish that reversible error occurred. Appellant's point of error is overruled. The trial court's judgment is AFFIRMED.[5]

---

**5.** We are mindful of recent changes in the law. *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). *Transamerican*, however, did not change the longstanding rule that it is the appellant's burden to bring a sufficient record to this Court. TEX.R.APP.P. 50(d).