NO. 12-00-00354-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE 


IN THE INTEREST OF

CLAYTON LAMAR ROBINSON,
§
 COUNTY COURT AT LAW

A CHILD


§
 CHEROKEE COUNTY, TEXAS

 

 Appellant Robert Robinson brings this appeal complaining of the trial court's rulings in a
suit affecting the parent-child relationship brought by his ex-wife, Becky Bryant. The judgment
of the trial court is affirmed in part, reversed and remanded in part, and reversed in part and
judgment is hereby rendered dissolving the permanent injunction against Robinson. 


Background

 Robinson and Bryant, who had one child together, divorced in 1999. The agreed divorce
settlement provided for joint conservatorship of Clayton, a teenager, with Robinson having the
right to determine the child's residence. The couple's post-divorce relationship deteriorated when
Robinson came to believe that Bryant was having an affair with her employer/attorney. At one
point, Robinson threatened to post nude photos of Bryant on the internet. In the spring of 2000,
Clayton decided that he did not want to continue visitation with his mother, and he asked that she
relinquish her parental rights. In the meantime, Robinson spoke to approximately thirty attorneys,
attempting to find one to represent him against Bryant for alleged fraud in the property settlement
agreement. (1) When Bryant's attorney received notice of Robinson's allegations of an affair, he
asked for a meeting with Robinson. Robinson met with him and his attorney, and two days later
filed a grievance with the State Bar against Bryant's attorney. 

 In June of 2000, Bryant filed suit against Robinson in the Cherokee County Court at Law. 
In her suit, Bryant asked that she be appointed Clayton's sole managing conservator and that her
last name be changed from Robinson to Bryant. She also requested a temporary restraining order
and damages of $10,000 for slander and libel. In the petition, Bryant cited Robinson's threat to
post nude photos of her on the internet, his contact with her attorney's wife about the alleged affair,
his contacts with numerous Smith County attorneys in which he divulged his belief that Bryant and
her attorney were having an affair, and other instances of "misconduct." Robinson filed a motion
for enforcement, contempt and damages. He also asked the court to deny Bryant's motion to
modify, to increase the amount of Bryant's child support payments, and to award him attorney's
fees and costs.

 Pre-trial hearings were scheduled for July 12 and August 24. At the July 12 hearing, Bryant
offered into evidence a tape-recorded conversation between herself and Robinson in which
Robinson allegedly blackmailed Bryant. Robinson maintained that the tape was altered. He asked
that the court not admit the tape because it was not a true and correct copy of the original recording. 
The trial court overruled Robinson's objection. 

 Both the July and August hearings were for the purpose of considering temporary orders. 
At the time of the August hearing, a final hearing had not yet been set. Instead of issuing temporary
orders, however, the trial court issued a permanent injunction against Robinson. The court also
severed Bryant's suit for damages, denied Robinson's motion for enforcement, and modified the
visitation schedule. Further, the final order stated that "all relief requested in this case and not
expressly granted is denied." Robinson objected to the trial court's failure to give him notice of
the final hearing. Bryant did not object, and Bryant's attorney drafted the final order for the trial
court's signature. (2)

 On September 29, Robinson filed a motion to modify the judgment, asserting that the
written order did not reflect the trial court's ruling from the bench. He also filed a motion to
disqualify Bryant's attorney for submitting tampered evidence, as well as for violating numerous
provisions of the Texas Disciplinary Rules of Professional Conduct. The trial court held a hearing
on October 16, at which time he ordered Robinson to undergo a psychiatric evaluation. He also
stated that there would be no more hearings until he received Robinson's evaluation. The trial
court ordered Bryant's attorney to set up the session with a psychiatrist, which he did not do. The
trial court, for all practical purposes, denied the remainder of Robinson's motions by refusing to
hear them.

 On October 27, Robinson filed a motion to recuse the trial judge. Judge Pat McDowell
heard the motion for recusal, which he denied. This appeal followed. 

 

Disqualification of Bryant's Counsel

 In his first issue, Robinson asserts that the trial court erred when it refused to disqualify
Bryant's attorney who, according to Robinson, was a material witness and a party to the suit. In
his argument, Robinson enumerates the attorney's alleged violations of the Texas Disciplinary
Rules of Professional Conduct. In reviewing the record, the only aspect of the case in which the
attorney might be considered a material witness is Bryant's request for damages due to Robinson's
alleged harassment of herself and her attorney. There is nothing for us to review, however, because
the trial court severed Bryant's action for damages and did not rule on the merits of her complaint. (3) 


 But Robinson's contention that Bryant's attorney should be disqualified for violating
numerous disciplinary rules was an issue properly before the trial court, as explained by the Fifth
Circuit Court of Appeals:


 A district court is obliged to take measures against unethical conduct occurring in connection with
any proceeding before it. For this reason, we have emphasized that a motion to disqualify counsel
is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical
duties to the attention of the court. (citations and quotation marks omitted)



In re American Airlines, 972 F.2d 605, 611 (5th Cir. 1992).

 On numerous occasions, Robinson orally moved that Bryant's attorney be disqualified as
counsel. The trial court overruled each motion. Robinson also filed a written motion to disqualify,
which was not acted upon by the trial court, although Robinson set it for hearing on at least two
separate dates. The trial court then refused to hold further hearings until after Robinson was given
a psychiatric evaluation. (4) Because of Robinson's attempts to have his motion heard, we hold that
he preserved error on this issue. And since, as will be explained below, there are still issues to be
decided in this case at the trial court level, we remand for a disqualification hearing if counsel
continues to represent Bryant in these proceedings. We sustain issue one. 


Filing Suit in Retaliation for State Bar Grievance

 In issue two, Robinson complains that the trial court erred when it allowed Bryant to
maintain a defamation action which was predicated, in part, upon a State Bar grievance against her
attorney. The action about which Robinson complains, however, was severed in the final order. 
Thus, it is not before us, and there is consequently nothing for us to review. We overrule issue two.


No Notice of Final Hearing

 In issue five, Robinson complains that the trial court erred when it failed to give him notice
of a final hearing on the permanent injunction. When a party has filed a timely answer in a lawsuit,
he is entitled to notice of trial pursuant to Rule 245 of the Texas Rules of Civil Procedure. Platt
v. Platt, 991 S.W.2d 481, 483 (Tex. App.-Tyler 1999, no pet.). The rule provides that the "court
may set contested cases on written request of any party . . . with reasonable notice of not less than
forty-five days to the parties of a first setting for trial. . . ." Tex. R. Civ. P. 245. A trial court's
failure to comply with the rules of notice in a contested case deprives a party of the constitutional
right to be present at the hearing, to voice his objections in an appropriate manner, and results in
a violation of fundamental due process. Armstrong v. Manzo, 380 U.S. 545, 550, 85 S. Ct. 1187,
1190, 14 L. Ed. 2d 62 (1965); Platt, 991 S.W.2d at 483. Thus, if the respondent does not have
notice of the trial setting as required by Rule 245, the judgment should be set aside because it is
ineffectual. See Platt, 991 S.W.2d at 484.

 On the other hand, it is presumed that the trial court will hear a case only when notice has
been given to the parties. Turner v. Ward, 910 S.W.2d 500, 505 (Tex. App.-El Paso 1994, no
writ). To overcome this presumption, an appellant must affirmatively show a lack of notice. 
Hanners v. State Bar of Texas, 860 S.W.2d 903, 908 (Tex. App.-Dallas 1993, no writ). This
burden is not discharged by mere allegations, unsupported by affidavits or other competent
evidence, that proper notice was not received. Id. at 908. However, if the record affirmatively
demonstrates that the appellant received less than the forty-five days notice mandated by Rule 245,
other evidence is unnecessary. In Re Parker, 20 S.W.3d 812, 816 (Tex. App.-Texarkana 2000,
no pet.); Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.-Houston [1st Dist.] 1997, pet.
denied). 

 It is clear from both the reporter's record and the clerk's record that the trial court held a
hearing on August 24, 2000. The order setting hearing states that a hearing on the Motion for
Temporary Orders was set for August 24, 2000. There is no order setting hearing on the permanent
injunction. During the hearing, Robinson stated to the trial court, "Your Honor, would you make
a judicial notice that you are granting a permanent injunction without proper hearing, in that I was
not - I mean, you'll stipulate that I was not allowed to put on a defense," to which the trial court
replied, "So stipulated." Because Robinson did not receive notice of a hearing on an application
for a permanent injunction as required by Rule 245, we sustain this issue and dissolve the
permanent injunction.

 Also in issue five, Robinson complains that the trial court erred when it denied his motion
for enforcement without proper notice and hearing. We agree, as per our above discussion, and
reverse and remand for further proceedings. We sustain issue five. 


Child Support Modification

 In issue twelve, Robinson complains that the trial court erred when it failed to grant his
motion to modify child support payments. Bryant was originally ordered to pay $276.39 per month
in child support, but Robinson asserted in his motion that this was an incorrect amount. He
contended that Bryant received more income than originally ordered due to pay raises; that she
performed bookkeeping and house-sitting services for her brother for which she received $200 per
month; and that she received free housing and utilities. Robinson also asserted that Bryant received
free legal services from her attorney/employer. Robinson filed his motion to modify on September
29, 2000, while the divorce decree was rendered on December 10, 1999. 

 According to section 156.401 of the Texas Family Code, the only grounds upon which a
trial court can modify an order that provides for the support of a child is when:


 (1) the circumstances of the child or a person affected by the order have materially and substantially
changed since the date of the order's rendition; or

 (2) it has been three years since the order was rendered or last modified and the monthly amount of
the child support award under the order differs by either 20 percent or $100 from the amount that
would be awarded in accordance with the child support guidelines.


Tex. Fam. Code Ann. § 156.401(a) (Vernon Supp. 2000).

 On the face of the record, it is clear that Robinson's motion was filed less than three years
after the divorce decree was rendered, therefore (2) has not been satisfied. And there is nothing in
the record by which we can determine what Bryant's financial circumstances were on December
10, 1999, and whether they have materially and substantially changed since the final order. 
Accordingly, because Robinson has failed to present a record upon which we can determine if the
trial court erred in failing to grant his motion to modify, we overrule issue twelve. Polanco v. Pan
Am. Univ., 818 S.W.2d 97, 99 (Tex. App.-Corpus Christi 1991, no writ)(when no record or a
partial record is brought into an appellate court, it must presume that the omitted portions of the
record support the judgment). 


Attorney's Fees and Costs

 In issue thirteen, Robinson asserts that the trial court erred when it failed to award him costs
and reasonable and necessary expenses, including attorney's fees. Robinson argues that the
Uniform Child Custody Jurisdiction and Enforcement Act (Tex. Fam. Code Ann. §§ 152.001 et
seq. (Vernon Supp. 2000)) requires that the trial court award him costs and expenses as the
prevailing party. We disagree, as the UCCJEA was designed to prevent jurisdictional conflict and
competition over child custody, and therefore does not apply to the instant case. In re S.A.V., 798
S.W.2d 293, 296 (Tex. App.-Amarillo 1990)(different results on rehearing), aff'd in part, rev'd
in part on other grounds, 837 S.W.2d 80 (Tex. 1992). However, the court does have discretion to
award costs and attorney's fees in a suit affecting the parent-child relationship. Tex. Fam. Code.
Ann. §§ 106.001, 106.002 (Vernon Supp. 2000). Again, as with the permanent injunction and the
motion for enforcement, the trial court rendered judgment on attorney's fees and costs without
proper notice and hearing. Accordingly, we sustain issue thirteen and remand this question to the
trial court for further proceedings. 


Motion to Recuse

 In issue fourteen, Robinson appeals Judge Pat McDowell's denial of his motion to recuse
Judge LeRue Dixon from presiding over the various actions and motions filed by Robinson and
Bryant. Robinson argues that Judge Dixon should be removed from participation due to bias and
violations of judicial rules of conduct. Rule 18b of the Texas Rules of Civil Procedure provides
the following grounds for recusal of judges: 



 Recusal. A judge shall recuse himself in any proceeding in which:


 (a) his impartiality might reasonably be questioned;


 
 he has a personal bias or prejudice concerning the subject matter or a party, or
personal knowledge of disputed evidentiary facts concerning the proceeding;
 he or a lawyer with whom he previously practiced law has been a material witness
concerning it;
 he participated as counsel, adviser or material witness in the matter in
controversy, or expressed an opinion concerning the merits of it, while acting as
an attorney in government service;
 he knows that he, individually or as a fiduciary, or his spouse or minor child
residing in his household, has a financial interest in the subject matter in
controversy or in a party to the proceeding, or any other interest that could be
substantially affected by the outcome of the proceeding;
 he or his spouse, or a person within the third degree of relationship to either of
them, or the spouse of such a person:
 
 is a party to the proceeding, or an officer, director, or trustee of a party;
 is known by the judge to have an interest that could be substantially
affected by the outcome of the proceeding;
 is to the judge's knowledge likely to be a material witness in the
proceeding.
 
 he or his spouse, or a person within the first degree of relationship to either of
them, or the spouse of such a person, is acting as a lawyer in that proceeding.
 




Tex. R. Civ. P. 18b(2). In his motion for recusal, Robinson cites the following grounds for recusal:


 Judge Dixon was under the influence of alcohol at the second hearing and he, "either
through overt acts, or through acts of omission, has violated provisions of the Texas Code
of Judicial Conduct";
 He was indifferent to established rules and precedents and was in flagrant violation of the
Canons of Judicial Conduct;
 He made an "egregious" legal error when he admitted a taped telephone conversation
between Robinson and Bryant which had been tampered with;
 He violated section 153.009 of the Texas Family Code, which requires that an interview
of a child in chambers be recorded and made a part of the record on the motion of a party
or on the court's own motion;
 He violated Rule 251 of the Rules of Civil Procedure by granting Bryant's motion for
continuance and abused the legal process by proceeding with the final hearing without his
notes from prior proceedings;
 He granted a permanent injunction without due process (this is also Robinson's complaint
in (h)&(i));
 He admitted to Robinson's son that he was an alcoholic; 



 He violated Canons 3B7, 3D, 2A, 2B and 1A;
 He allowed Bryant's attorney to compose a judgment which did not reflect the actual
holdings of the court;
 He refused to sign an affidavit admitting that he proceeded with the second hearing without
benefit of his notes;
 He refused to hear Robinson's motion to modify the September 29, 2000 order;
 He ordered Robinson to submit to a psychological examination; and
 He violated 42 USCA 1983 and 1985.


 At the hearing on the motion to recuse, Judge McDowell denied Robinson's motion,
holding that it would not be appropriate for him to "recuse a judge for alleged legal error or
procedural substantive law errors." Robinson contends that this was an abuse of discretion, but we
disagree. Many of Robinson's complaints deal with violations of the Texas Code of Judicial
Conduct and the Texas Disciplinary Rules of Professional Conduct. These are complaints which,
if he had found them to have merit, Judge McDowell should have reported to the State Commission
on Judicial Conduct or the Office of the General Counsel of the State Bar of Texas. See Tex. Code
Jud. Conduct, Canon 3(D), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. B (Vernon
1998). They are not grounds, however, for recusal. None of Robinson's other "grounds for
recusal" come under the ambit of Tex. R. Civ. P. 18b(2), either. Robinson's general allegation that
Judge Dixon was "biased" was simply not supported by the record. Robinson offered no evidence
of this bias other than Judge Dixon's alleged errors in procedure and interpretation of substantive
law. In fact, Robinson's motion was not verified, as required by Rule 18a of the Texas Rules of
Civil Procedure, nor did he offer any evidence at the hearing - he merely argued his case. We hold,
therefore, that Judge McDowell did not abuse his discretion when he denied Robinson's motion
to recuse. Accordingly, we overrule issue fourteen. 

 Because of our ruling on issue five, it is unnecessary for us to address the remaining issues. 
The trial court's judgment is affirmed as to the modification of visitation rights, Bryant's change
of name, the trial court's denial of Robinson's motion for modification of child support, and its
denial of his motion for recusal. It is reversed and remanded as to the trial court's denial of
Robinson's motion to disqualify, his motion for enforcement, and his request for attorney's fees
and costs. And the judgment is hereby reversed and judgment rendered dissolving the permanent
injunction against Robinson.


 SAM GRIFFITH 

 Justice



Opinion delivered February 28, 2002.

Panel consisted of, Griffith, J., Ramey, Retired C.J., 12th Court of Appeals, Tyler, sitting by assignment, Bass, Retired J,
12th Court of Appeals, Tyler, sitting by assignment.




(DO NOT PUBLISH)
1. When Robinson and Bryant were negotiating their property settlement, Robinson admitted to an
adulterous relationship many years earlier. Bryant asserted that she had never committed adultery. According to
Robinson, Bryant received a more favorable settlement because she was not forthcoming about her alleged affair
with her attorney. Thus, Robinson sought to retain an attorney in order to bring an action against Bryant for fraud.
2. Bryant argues that she did not receive due process, either, and asks that this court remand the issue of the
permanent injunction to the trial court for further proceedings. Bryant, however, has waived her complaint since she
did not complain of the lack of notice, and in fact drafted the final order. Further, her attorney stated on the record
that they wanted a final order that day.
3. Robinson maintains that the written judgment does not correctly reflect the trial court's rendition on the
issue of the suit for damages. We agree that the trial court stated on the record both that he was assessing damages in
the amount of $10,000 against Robinson, and then that he was denying Bryant's motion for damages. However, the
final judgment states that the suit is severed. Since Robinson does not specifically appeal this order, the written
judgment prevails. 
4. Robinson asked the court if he could make arrangements for seeing the psychiatrist, rather than waiting for
Bryant's attorney to draft an order, but the trial court refused his request.