Pamela ZAPPE, Appellant,

v.

Robert ZAPPE, Appellee.

No. 13–93–180–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1994.

Dayna S. Tuttle, Pam Rice, Yoakum, for appellant.

Jack W. Marr, Marr, Meier & Hartman, Victoria, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

DORSEY, Justice.

This appeal arises from an action to modify child custody after divorce. The judgment below, which changed the custodial parent, resulted from an order imposing sanctions on appellant, Pamela Rice Zappe (Rice), for failure to respond adequately and timely to discovery requests. The sanction order struck Rice's pleadings, denied her the right to oppose appellee's motion to modify custody, and imposed attorney's fees against her, among other penalties. We hold the sanctions were excessive, reverse the judgment, and remand the cause for trial.

Rice and Robert Zappe (Zappe) were divorced in Lavaca County in December 1988. Rice was named managing conservator of their one child, Travis. Zappe was named

possessory conservator and ordered to pay child support. In January 1992, Zappe filed a Motion to Modify in which he sought to change managing conservatorship from Rice to himself. Rice filed an answer and motion to transfer venue to Montgomery County. Zappe served discovery on Rice in March 1992, which was not fully or timely answered.

A sanctions hearing was held on October 27, 1992, in which Rice's pleadings were struck, and attorney's fees were awarded to Zappe, along with other sanctions against her. The sanctions were conditional; if Rice paid the ordered attorney's fees, the other sanctions would be vacated. She did not, and a final judgment was entered against her on January 8, 1993.[1]

Rice asserts that the trial court abused its discretion because the sanction does not relate to the sanctionable conduct and is excessive, and because the court did not consider the best interest of the child.

Zappe contends by cross point that child custody was changed as a result of a post-answer default judgment which occurred at the January 1993 hearing, rather than as a result of the sanctions order, and that the rules relating to default judgments apply rather than the rules that govern discovery sanctions. Although appellee denominates this as a cross point, Zappe requests no affirmative relief. We will treat it as a reply point.

■ Our review of a sanctions order is based upon an abuse of discretion standard. *Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 916–19 (Tex.1991); *Weimer v.*

*Weimer*, 788 S.W.2d 647, 649 (Tex.App.—Corpus Christi 1990, no writ). The trial court has the authority to impose sanctions for discovery abuse under Rule 215; it abuses its discretion when it acts without reference to guiding rules and principles. TEX. R.CIV.P. 215; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ The guiding rules and principles to be applied are found in Rule 215, *Transamerican*, and *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991). Rule 215 requires that sanctions be just; that is to say, there must be a relationship between the offensive conduct and the sanction imposed, and the sanction may not be excessive. *Transamerican*, 811 S.W.2d at 917.

The trial court imposed sanctions on Rice for failing to timely and completely respond to interrogatories and for failure to respond to a request for production.[2] Signed, sworn responses including additional information were served on counsel at the sanctions hearing October 27, 1992. Prior hearings had been set on the sanctions motion but had been passed by agreement.

The sanctions were imposed as a result of the court's first hearing on October 27. The court struck Rice's pleadings, denied her the right to oppose Zappe's Motion to Modify Custody and to make additional discovery, denied her motion to transfer venue, and awarded attorney's fees against her. The court also made the following findings and conclusions in the order: a material and substantial change of condition has occurred

---

1. A hearing was held January 5, 1993 during which counsel for Zappe testified that attorney's fees had not been paid. Rice was not present. The January 8 order recites that notice was given to Rice although the record does not reflect any such notice. Rice does not complain about lack of notice. We presume that omitted portions of the record support the judgment of the court. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *Hartley v. Coker*, 843 S.W.2d 743, 748 (Tex.App.—Corpus Christi 1992, no writ).

2. The interrogatories were served in March 1992, Rice obtained an extension of time for thirty days. Rice sent unsigned answers to Zappe on May 13, 1992, after the time for extension had passed. On May 18, 1992, Zappe informed Rice that the answers were incomplete. The interrogatories at issue requested financial information from Rice, their incompleteness stemmed from her failure to include telephone numbers and street numbers for the financial institutions she identified and her failure to include complete names and addresses identifying the persons or entities from whom she had leased residential property.

since the parties' divorce; there is a serious concern regarding the welfare of Travis Paul Zappe; the appointment of Zappe as sole managing conservator would be a positive improvement and in the best interest of Travis Paul Zappe; Zappe is appointed managing conservator, Rice is appointed possessory conservator; and child support orders are delayed until a later hearing. The order was conditional in that it recites that the findings, conclusions, and other sanctions shall be withdrawn if Rice pays $1400.00 in attorney's fees to Zappe within 60 days. At the hearing, Rice stated that she was unable to pay the fees.

The only testimony at the hearing was that of Rice and Zappe's attorney. Rice testified that her delay in responding to discovery occurred because she was under a physician's care for a very difficult pregnancy, that she had a history of previous miscarriages; and that her husband tried to shield her from anything that might upset her, including correspondence and telephone calls from her attorney. Rice further testified that her doctor had ordered bed rest and that she was on leave from her regular job, although she worked an undetermined number of hours running a bridal shop she owned. Zappe's counsel testified regarding attorney's fees incurred in trying to compel discovery.

■ Sanctions serve three important functions: to secure compliance with the discovery rules, to deter other litigants from similar misconduct, and to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992); *Weimer*, 788 S.W.2d at 650. "[A] just sanction must be directed against the abuse and towards remedying the prejudice caused the innocent party." *Id.*

Rice's failure to make discovery in a timely and complete manner prejudiced Zappe by increasing the cost of bringing his motion to modify. The minimal prejudice to Zappe does not excuse Rice's failure to comply, but is relevant to determining proper punishment.

■ The sanctions imposed on Rice effectively disposed of her lawsuit on the merits. Such a punishment is not warranted unless the party's hinderance of the discovery process "justifies a presumption that its claims or defenses lack merit" and should not be assessed unless the party is acting in flagrant bad faith. *Transamerican*, 811 S.W.2d at 918. Such "death penalty" sanctions may be imposed as an initial sanction only in exceptional cases in which lesser sanctions would not promote compliance. *GTE Communications Sys. Co. v. Tanner*, 856 S.W.2d 725, 729 (Tex.1993).

The court's sanction order in this case results from incomplete answers to discovery. Rice's incomplete answers do not justify a conclusion that Rice's claims or defenses lack merit.

Appellee contends that the court first imposed lesser sanctions because it ordered Rice to pay attorney's fees as a condition to avoid the imposition of the harsher penalties. However, the "death penalty sanctions" were imposed at an initial hearing after Rice tendered new answers to discovery. The lesser sanction did not occur first; it was available to vacate the death penalty sanctions and was imposed *after* Rice said she could not pay it within the time provided.

Rice argues that conditioning her further participation upon immediate payment of Zappe's attorney's fees is unjust and is not the kind of bad faith that was contemplated in *Transamerican*. The question then becomes whether conditioning further participation in litigation upon payment of attorney's fees is proper when the sanctioned party raises the issue of inability to pay.

In other circumstances, when the question has been financial sanctions other than attorney's fees, the Supreme Court has disapproved of such sanctions "[i]f the imposition of monetary sanctions threatens a party's continuation of the litigation...." *Braden*,

811 S.W.2d at 929.[3] The *Braden* Court did not intend that all monetary sanctions be deferred until the end of litigation, only those which may result in significant preclusion of access to the courts. *Id.*

Rice raised the issue of her inability to pay during the sanctions hearing of October 27, 1992, "I can't afford to pay his fees for a lawyer for him and for myself." The court made no further inquiry of Rice regarding her ability to pay the sanctions or costs; nor did the court respond to Rice's attorney's request that she be given more time to pay the costs.

■ Constitutional due process is implicated by the imposition of sanctions which prevent presentation of the merits of the case. Courts are limited in what they may do in dismissing an action without affording a party the opportunity for hearing on the merits. *Id.* (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209–10, 78 S.Ct. 1087, 1094–95, 2 L.Ed.2d 1255 (1958)). If interim monetary sanctions, whether attorney's fees or fines, are imposed on a litigant who cannot afford to pay them immediately and that litigant's further participation in the lawsuit is conditioned on immediate payment, the effect is to prevent presentation of the case on the merits. *Braden*, 811 S.W.2d at 929.

We hold the trial court abused its discretion in striking appellant's pleadings, denying her motion to transfer venue, and prohibiting her from opposing appellee's claims in the Motion to Modify, because the sanctions are excessive. The failure of appellant to timely and completely answer the discovery requests does not rise to a level of a flagrant abuse of discovery that would lead to the conclusion that her claims in the suit are without merit. Appellant's point of error is sustained.

We overrule appellee's "cross-point" because the judgment below was a result of

discovery sanctions rather than default by appellant.

The judgment is REVERSED and the cause is REMANDED for trial.

---

**3.** In *Braden*, the Court adopted the requirement imposed in *Thomas v. Capital Security Servs. Inc.*, 836 F.2d 866 (5th Cir.1988), that

the district judge either 1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order

terminating the litigation; or 2) makes express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

*Braden*, 811 S.W.2d at 929.