Affirmed
and Memorandum Opinion filed November 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00129-CV

____________

 

SUSAN MCGEE MULLINS, Appellant

 

V.

 

BRIARWICK CONDOMINIUM OWNERS
ASSOCIATION, INC. AND KRJ MANAGEMENT, INC., Appellees

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2006-28722

 



 

M E M O R A N D U M   O P I N I O N

In this personal-injury case, appellant
Susan McGee Mullins appeals from an order by which the trial court struck her
pleadings and dismissed her case with prejudice as a discovery sanction. 
Concluding the trial court did not abuse its discretion by imposing a
case-determinative (Adeath-penalty@) sanction, we
affirm.

 








I

On May 8, 2006, Mullins sued appellees
Briarwick Condominium Owners Association, Inc., and KRJ Management, Inc.
(collectively, ABriarwick@).  She alleged
she was injured when a piece of siding from a Briarwick condominium building
blew off the building, striking her head and face.  She claimed damages for
past and future medical-care expenses, past and future pain and suffering, past
and future physical impairment, past and future loss of earnings, past and
future disfigurement, and past and future mental anguish. 

On June 20, 2006, Briarwick sent Mullins
requests for disclosure, interrogatories, and requests for production.  On
August 11, 2006, Briarwick filed a motion to compel and a motion for
sanctions.  Briarwick alleged (1) Mullins=s responses to its
June 20 request were due on or before July 24, 2006;[1]
(2) on August 1, 2006, Briarwick=s counsel sent a
letter to Mullins=s counsel requesting responses be provided
by August 4, 2006, or that Mullins=s counsel contact
him to discuss reasons for the delay; and (3) Mullins=s counsel had not
contacted him.  On September 5, 2006, the trial court granted Briarwick=s motion, ordered
Mullins to Afurnish full and complete responses@ within seven days
of the order, and imposed sanctions of $500 for Briarwick=s expenses
incurred in obtaining the order.  Briarwick subsequently sent Mullins
additional discovery requests.








On January 26, 2007, the court again
entered an order granting Briarwick=s motion to
compel.[2] 
The court ordered Mullins Ato provide full and complete responses to
[Briarwick=s] Request for Disclosure part (d) (j) and (k),
Interrogatory numbers 7, 9, 10, and 18, [and] First Set of Request [sic] for
Production numbers 1B3, 12B16, 18B20, 29B31, and 41@ within seven days
of the order.  The court denied Briarwick=s request for
monetary sanctions.

Between January 31 and February 22, 2007,
Briarwick=s counsel sent Mullins=s counsel three
letters.  In the first, he included the January 26 order and the new
docket-control order.  In the second, he referred to the then-overdue
responses.  In the third, he wrote, AI appreciate that
you have been working diligently with your client to obtain responses, and I
fear that perhaps your client has not been as cooperative as you had hoped.@  He advised
opposing counsel that, if he did not hear from him by the following day, he
would again seek sanctions.

On March 1, 2007, Briarwick filed a Second
Motion to Compel and Motion for Sanctions.  Although the motion was set for
submission on March 12, 2007, the record does not contain an order ruling on
the motion.[3] 
Briarwick subsequently sent Mullins at least two additional discovery requests.

On October 16, 2007, Briarwick filed a
motion for summary judgment and a Third Motion to Compel Discovery Responses
and Motion for Sanctions.  In the latter, Briarwick alleged, in part,








Plaintiff provided Supplemental
Answers to Interrogatories and Requests for Production on March 8, 2007. 
Unfortunately, however, even in those responses, [Mullins] did not fully
respond, but instead stated that she would supplement with some additional
important information . . . .  In response to requests 12, 16, and 27,
[Mullins] stated that she would supplement.  The responses to 12 and 16 are
particularly important to [Briarwick=s] evaluation, because they seek documents or other
tangible things reflecting lost wages or loss of earning capacity information.
[Briarwick has] been hampered throughout this case by the inability to evaluate
those elements of damages because [Mullins] has refused to produce supporting
documents.

 

Briarwick then requested the court alternatively (1)
to strike Mullins=s pleadings and to dismiss the case with
or without prejudice; (2) to strike Mullins=s pleadings for
lost wages, loss of earning capacity, and past and future medical expenses; or
(3) award Briarwick monetary sanctions of not less than $3,000.

On November 15, 2007, the trial court
signed an order striking Mullins=s petition in its
entirety and dismissing the case with prejudice.  Mullins filed a motion for
reconsideration and for reinstatement or, alternatively, for new trial. 
Briarwick responded, listing five discovery requests (including
interrogatories, requests for admission, and requests for production) to which
Mullins had never replied.  Briarwick further listed eighteen specific
categories of requests to which Mullins had not fully responded.  Briarwick
also cited medical records and documents that contradicted statements in
Mullins=s deposition about
whether she had seizures or other injuries of the type involved in the incident
alleged in this case.

On January 15, 2008, the trial court
signed an order Aimposing death penalty sanctions@ and denying
Mullins=s motion for
reconsideration and for reinstatement or, alternatively, for new trial.[4] 
The court stated it based its order on the following factual findings:








1.       Plaintiff
Susan Mullins is responsible for egregious discovery abuse, requiring
Defendants [Briarwick] to file multiple motions to compel.  Indeed, this Court
entered prior Orders compelling Plaintiff to respond to various discovery
requests.  Plaintiff also has failed to provide complete responses to many of
the requests either in written discovery or in deposition, based upon evidence
set forth by the materials that are part of this Court=s record.

2.       There is a
direct relationship between the sanction imposed by this Order and the
offensive conduct of Plaintiff.  Plaintiff has failed to provide information
necessary for Defendants to evaluate Plaintiff=s alleged damages.  Accordingly, Plaintiff should
not be allowed to seek or recover any damages.

3.       The Court
considered the availability of less stringent sanctions, but finds that such
lesser sanctions would not promote full compliance with the discovery rules. 
Indeed, the Court=s prior Orders compelling complete
discovery responses and issuing monetary sanctions has [sic] not deterred the
discovery abuse.

4.       Plaintiff=s hindrance of the discovery
process justified a presumption that her claims lack merit.

5.       This sanction
is imposed upon Plaintiff Susan Mullins, because the Court finds that Plaintiff
actively participated in the discovery abuse, as she verified Interrogatories
and failed to furnish requested information.

 

II

Mullins raises two issues on appeal.  She
argues the trial court abused its discretion and violated her due-process
rights by determining (1) Mullins was responsible for the alleged discovery
violations, and (2) Mullins=s alleged hindrance in the discovery
process justified a presumption that her claims lacked merit.

We review a trial court=s imposition of
sanctions for an abuse of discretion.  Am. Flood Research, Inc. v. Jones,
192 S.W.3d 581, 583 (Tex. 2006) (per curiam) (citing Cire v. Cummings,
134 S.W.3d 835, 838 (Tex. 2004)).  We will reverse the ruling only if the trial
court acted A>without reference to any guiding
rules and principles,=@ so that its
ruling was arbitrary or unreasonable.  Id. (quoting Cire, 134
S.W.3d at 839).








In determining whether the trial court
abused its discretion, we must ensure that the sanctions were appropriate or
just.  Id. (citing TransAmerican Nat. Gas Corp. v. Powell, 811
S.W.2d 913, 916 (Tex. 1991)).  To make this determination, we conduct a
two-part inquiry.  See id. (citing TransAmerican, 811 S.W.2d at
917).   First, we must ensure there is a direct relationship between the
improper conduct and the sanction imposed; that is, we should examine whether
punishment was imposed on the true offender and tailored to remedy any
prejudice the discovery abuse caused.  Id.   Second, we must make
certain less severe sanctions would not have sufficed to promote compliance.  Id.

In reviewing sanctions orders, we are not
bound by a trial court=s findings of fact and conclusions of
law.  Id.  Instead, we independently review the entire record to
determine whether the trial court abused its discretion.  Id.

Striking a party=s pleadings for
discovery abuse is Athe most devastating@ sanction a trial
court may impose.  TransAmerican, 811 S.W.2d at 917B18.  Such action
implicates due-process concerns.  See id. at 918.  Absent a party=s flagrant bad
faith or counsel=s callous disregard for the rules, due
process bars merits‑preclusive sanctions.  See Wheeler v. Green,
157 S.W.3d 439, 443B44 (Tex. 2005) (per curiam); Spohn
Hosp. v. Mayer, 104 S.W.3d 878, 883 (Tex. 2003) (per curiam); GTE Commc=ns Sys. Corp. v.
Tanner, 856 S.W.2d 725, 729B30 (Tex. 1993); Chrysler Corp. v.
Blackmon, 841 S.W.2d 844, 846, 850 (Tex. 1992); TransAmerican, 811
S.W.2d at 918B19.

Thus, striking a party=s pleadings is not
justified unless a party=s hindrance of the discovery process
justifies a presumption its claims or defenses lack merit.  See
TransAmerican, 811 S.W.2d at 918.  Nevertheless, Aif a party refuses
to produce material evidence, despite the imposition of lesser sanctions, the
court may presume that an asserted claim or defense lacks merit and dispose of
it.@  Cire, 134
S.W.3d at 839 (quoting TransAmerican, 811 S.W.2d at 918).

 

 








A

In her first issue, Mullins challenges the
trial court=s determination she was responsible for the alleged
discovery violations.  Therefore in this issue, she is challenging a component
of the first prong of the TransAmerican test.  See Am. Flood
Research, 192 S.W.3d at 583 (citing TransAmerican, 811 S.W.2d at
917); Butan Valley, N.V. v. Smith, 921 S.W.2d 822, 827 (Tex. App.CHouston [14th
Dist.] 1996, no writ).[5]

The supreme court has directed the trial
court to Adetermine whether sanctions should be imposed on the
party, its counsel, or both.@  Am. Flood Research, 192 S.W.3d at
583 (citing TransAmerican, 811 S.W.2d at 917).  A trial court may abuse
its discretion when the record contains no evidence the sanctions were visited
against the offender and the trial court does not discuss whether counsel or
his client was responsible for the discovery abuse.  See Spohn Hosp.,
104 S.W.3d at 883.  A party, however, must bear some responsibility for its
counsel=s discovery abuses
when it is or should be aware of counsel=s conduct and the
violation of discovery rules.  TransAmerican, 811 S.W.2d at 917.

The trial court in the present case found
Mullins was Aresponsible for egregious discovery abuse.@  Based on our
independent review of the entire record, discussed below, we cannot conclude
the trial court abused its discretion in imposing a death-penalty sanction on
Mullins.  See Am. Flood Research, 192 S.W.3d at 583.








The accident occurred in July 2004 and
allegedly caused Mullins to experience memory loss.  During her April 2007
deposition,[6]
Mullins testified she did not remember her childhood, her twenties, or her
wedding in the 1990s.  Her only memories of those times were through pictures. 
Nevertheless, she did remember she and her husband had a successful business in
2003 and 2004 in Houston.

Additionally, Briarwick represents that,
when deposed in April 2007, Mullins testified she could not remember the name
of her employer at the time of the incident.[7] 
In Mullins=s March 8, 2007 response to Briarwick=s request for
disclosure, however, Mullins had listed Dr. Leon Belcher as her employer at the
time of her injury.

In her deposition, Mullins also testified
she never had a seizure before the incident and repeatedly testified she had
never been in a Acar accident.@  She testified
the only time she remembered going to a doctor was when she was pregnant, and
the following interchange then occurred:

Q.  Are you B but you are pretty sure that B 

A.  I have never been in a car
accident or anything, no.

Q.  Or any other injuries of that
type?

A.  No.

 

Mullins subsequently testified, AI have never been
in an accident and I never had a seizure.@  Mullins=s medical records
, however, indicated she had experienced a seizure in 1995, and a 2006 social
summary indicated she had been in a motorcycle accident.








On March 8, 2007, after at least two
motions to compel and two orders granting such motions and with little more
than one month for Briarwick to join additional parties, Mullins filed a first
supplemental response to Briarwick=s request for
production and a response to Briarwick=s request for
disclosure.  In the former, Mullins provided no response other than A[w]ill supplement,@ to requests for
(1) documents and tangible items supporting her claims for past and future loss
of earnings; (2) copies of payroll, personnel, or union records from ten years
before the incident through the present; and (3) authorizations to release
medical, personnel, income tax, and social security records.  She further
indicated that, at that time, she had no documents or tangible items supporting
her contentions (1) Briarwood was negligent, (2) there was a defective or
dangerous condition, (3) there was an unreasonable risk of harm, (4) Briarwood
failed to inspect, (5) Briarwood failed to warn or make safe, and  (6)
Briarwood=s lack of care probably caused her injuries.  In
response to the latter, she provided no response other than A[w]ill supplement@ to Briarwood=s requests she
disclose (1) the amount and method of calculating economic damages and (2)
medical records and bills.  She indicated she was in the process of collecting
medical records and bills from thirty Alisted medical
experts.@

On October 16, 2007, in its third motion
to compel discovery, Briarwick alleged Mullins had failed to respond to a
second set of requests for production, served November 17, 2006; a second set
of interrogatories and a request for admissions, served January 19, 2007; a
third set of requests for production, served March 12, 2007; and a fourth set
of requests for production, served May 8, 2007.  Mullins did not deny this
allegation.

Given the preceding facts, especially
Mullins=s evasive and
arguably false testimony during deposition,[8]
the trial court did not abuse it discretion in concluding Mullins was
responsible for Aegregious discovery abuse.@  Accordingly, we
overrule her first issue.

 








B

In her second issue, Mullins primarily
challenges the trial court=s determination that Mullins=s hindrance of the
discovery process justified a presumption her claims lacked merit.  Within this
issue, Mullins also contends the trial court failed to consider lesser
sanctions, the death-penalty sanction was too severe, and Briarwick did not
establish the evidence it sought existed.  In this issue, she is therefore
challenging components of the second prong of the TransAmerican test.  See
Butan Valley, 921 S.W.2d at 827, 831.

A sanction should not be used to
adjudicate the merits of the case unless the party=s actions justify
a presumption that the case lacks merit.  TransAmerican, 811 S.W.2d  at
917.  A party=s refusal to produce material evidence, despite
imposition of lesser sanctions, may, however, warrant the presumption an
asserted claim or defense lacks merit and permit the trial court to dispose of
it.  See Cire, 134 S.W.3d at 839 (quoting TransAmerican, 811
S.W.2d at 918).

In its September 5, 2006 order, the trial
court imposed a $500 sanction.[9] 
Nine months  later and after the trial court had granted an additional motion
to compel, Mullins still had not provided substantive answers to disclosure and
production requests material to calculating damages.  As set forth in more
detail above, she also indicated she had no documents or tangible items
supporting elements of liability.  The trial court was warranted in presuming
Mullins=s claim lacked
merit.








In addition to imposing a lesser sanction
at one point in the proceedings, the trial court considered lesser sanctions
before finally imposing the death-penalty sanction.  In its motion, Briarwick
alternatively requested lesser sanctions of dismissal without prejudice,
striking only Mullins=s pleadings for lost wages, loss of
earning capacity, and past and future medical expenses, or awarding Briarwick
monetary sanctions of not less than $3,000.  In its January 15, 2008 order
imposing the death- penalty sanction, the court stated, AThe Court
considered the availability of less stringent sanctions, but finds that such
lesser sanctions would not promote full compliance with the discovery rules. 
Indeed, the Court=s prior Orders compelling complete
discovery responses and issuing monetary sanctions has [sic] not deterred the
discovery abuse.@

Although citing other cases, Mullins
relies mainly on the following three to argue the death-penalty sanction was
too severe:  Chrysler Corp. v. Blackmon, 841 S.W.2d 844; Butan
Valley, N.V. v. Smith, 921 S.W.2d 822; and Zappe v. Zappe, 871
S.W.2d 910 (Tex. App.CCorpus Christi 1994, no writ).  In each of
these cases, the death-penalty sanction was the initial sanction the court
imposed.  See Chrysler Corp., 841 S.W.2d at 850; Butan Valley,
921 S.W.2d at 826B27; Zappe, 871 S.W.2d at 912, 913. 
In other words, unlike the trial court in the present case, the trial court in
these had not tested other sanctions before imposing a case-determinative
sanction.  The cases are therefore distinguishable.








Mullins also quotes Butan Valley
for the proposition that Aa party cannot be sanctioned for failing
to produce documents when there is no evidence that they exist.@  921 S.W.2d at
830.  She contends ABriarwick has failed to sufficiently
establish that much of the discovery complained of actually exists and is
Mullins=s possession,
custody or control, requiring her to disclose it to Briarwick.@  The sanctioned
party in Butan Valley responded to a discovery request by stating it had
produced all documents responsive to the request and responded to a subsequent
discovery order by arguing it could not be required to produce documents it did
not have.  See id. at 826.  On appeal, it identified the requested
documents that it contended it did not have or that did not exist.  See id.
at 829B30.  In contrast,
Mullins points to no place in the record where she advised Briarwick or the
trial court she was resisting discovery because she did not have the requested
documents.  She does not tell this court what requested documents were
non-existent or not in her possession, custody, or control.  In addition,
Briarwick sought death-penalty sanctions, not solely because of Mullins=s failure to
produce documents, but because of a pattern of discovery abuse.  Again, Butan
Valley is distinguishable.

In sum, we conclude Mullins=s hindrance of the
discovery process justified a presumption her claims lacked merit, the trial
court did test and consider lesser sanctions, the sanction was not too severe
given the circumstances of the case, and the sanction was not based solely on
Mullins=s failure to
produce documents.  Accordingly, we overrule Mullins=s second issue.

* * *

Having overruled Mullins=s two issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      Jeffrey
V. Brown

Justice

 

 

 

 

 

Panel consists of Justices Seymore, Brown and Sullivan.









[1]  See Tex. R. Civ. P. 194.1, 196.2, 197.1.





[2]  The appellate record does not contain a separate
motion that would have prompted this order.  In its brief to this court,
Briarwick describes the order as resulting from a second hearing on its August
11, 2006 motion.





[3]  In its Third Motion to Compel Discovery Responses
and Motion for Sanctions, Briarwick alleged it withdrew submission of the
second motion after Mullins=s counsel
agreed to provide full and complete responses.  The court did grant Briarwick=s motion to compel Mullins to submit to a medical
examination, and Mullins apparently complied.





[4]  Briarwick submitted the order with its response to
Mullins=s motion for reconsideration and for reinstatement or,
alternatively, for new trial.  The trial court modified the proposed order by
handwritten notation.





[5]  She is not challenging whether the punishment was
tailored to remedy any prejudice the discovery abuse caused.  See Am. Flood Research, Inc., 192 S.W.3d at 583 (stating under the first TransAmerican prong, Athe court should examine whether punishment was
imposed upon the true offender and tailored to remedy any prejudice discovery
abuse caused@).   





[6]  The parties refer to an April 14, 2007 deposition,
but the only deposition excerpts in the appellate record indicate the
deposition was taken April 12, 2007.





[7]  In support, Briarwick does not cite Mullins=s deposition, but cites only Briarwick=s allegation to that effect in its third motion to
compel.  Mullins, however, did not dispute this contention.





[8]  Briarwick also points to Mullins=s verification of Agrossly
inadequate@ interrogatory answers.  In support, it cites a
verification page to Mullins=s March 8, 2006
answers and objections to interrogatories.  The page is part of the appendix to
Briarwick=s brief, but is not part of the appellate record.  See
Cherqui v. Westheimer St. Festival Corp., 116 S.W.3d 337, 342 n.2 (Tex.
App.CHouston [14th Dist.] 2003, no pet.) (A[W]e cannot consider documents attached as appendices
to briefs and must consider a case based upon the record filed.@).  The trial court, however, found AMullins actively participated in the discovery abuse,
as she verified [i]nterrogatories,@
and Mullins does not dispute this finding.





[9]  As of October 16, 2007, Briarwick had not sought
enforcement of this sanction.